## No. 10,359.

### CITY OF NEW ORLEANS VS. CRESCENT CITY RAILROAD COMPANY.

A judgment sustaining pleas of prescription and prematurity against parts of a demand, and dismissing the suit, and restricting the claim for the difference, is a final judgment which disposes of the case to a certain extent, and which constitutes *res judicata*, if unappealed from within a year after the signature thereof.

An appeal from the judgment rendered on the merits of the claim as allowed to stand in court, does not bring up for review the previous judgment dismissing other parts of the demand.

A municipal corporation, which has contracted that a *bonus* shall be paid by a company to which it has granted street railroad privileges, in lieu of taxes, cannot after agreeing to remit the *bonus* and to receive the taxes in place, and after collecting such taxes. sue to recover the *bonus*; however true it be, that the immunity from taxes was illegal. It can not claim both. 28 Ann. 497; 35 Ann. 548; 36 Ann. 432,

APPEAL from the Civil District Court for the Parish of Orleans. *King*, J.

*Rouse & Grant* and *Carleton Hunt*, City Attorney for Plaintiff and Appellant.

1. The city has supervision and control over all the streets within her limits, and power to regulate the use thereof. Tilton vs. Railroad Co., 35 Ann. 1068; Pickles vs. Dry Dock, 38 Ann. 412; Waterworks Co. vs. Sugar Refinery Co., 35 Ann. 1114; Davis vs. Mayor of N. Y., 14 N. Y. R. 506; 2 Dill. Municip. Corp. secs. 566, 567.

2. It cannot part with this power, even by contract. Cooley on Const. Lim., p. *207; Gozzler vs. Georgetown, 6 Wheat. 597; Reynolds vs. Shreveport, 13 Ann. 428; Milham vs. Sharp, 17 Barb., 435; S. C. 28 Barb., 228; Milham et al. vs. Sharp,27 N. Y. R. 611; People's R. R. vs. Memphis R. R., 10 Wall. 38; Louisville City Ry. Co. vs. City of Louisville, 8 Bush. 411. Shepherd vs. Third Municipality, 3 Rob. 349.

3. The city had a right to require the Crescent City Railroad Company to remove her tracks to the neutral ground on Canal street, and conform to the plan for a trunk road. Therefore, she could make no valid release of her revenues in order to obtain compliance with her plan; and she was in error in supposing she must bargain therefor, and error in the motive renders her agreement void. C. C. 1827 et seq. Goodwyn vs. Perry & Company, 25 Ann. 29; Tanner vs. Roberts, 5 U. S. 255; Bartlett vs. Andry. 14 La. 30; Bell vs. McDonough, 19 La. 40; C. C., 1893, 1896, 1824.

4. The remission of a part of the bonus by Ordinance No. 1443, N. S., was upon a suspensive potestative condition, depending upon the will of the defendant. C. C., 2024, 2043. 1

Poth. on Oblig., 198, 201. The effects of which were to suspend the reduction until the performance. 1 Pothier, 215. Meeker vs. Railroad Company, 2 Ann. 973.

5. The last paragraph applies also to the remission under Ordinance No. 3243, A. S., and no putting in default was necessary. Escoubas vs. La. Petroleum Co., 22 Ann. 280; C. C. 1911, No. 1; City of New Orleans vs. Rigney, 24 Ann. 235; C. C. 2038.

6. Novation did not take place because the conditions were not accomplished. Hyde et al. vs. Booraem & Co., 16 Fet. 180; Early vs. Rogers, 16 How. 599 ; Brown vs. Spofford, 95 U. S. 474. 1 Pothier, 199, 205.

7. No putting in default was necessary. If there was it should have been pleaded *in limine* and comes too late in an answer after exceptions overruled. Pleas of novation and release were a waiver of such exception. 2 Hen. Dig. 1150, No. 6. The contract was one upon a supensive, potestative, condition, and no default was necessary. Escoubus vs. La. Petroleum Co., 22 Ann. 280.

8. The city could not lawfully grant exemption from taxation, City of New Orleans vs. St. Charles St. Charles Street Railroad Company. 28 Ann. 497 ; and if could and did, the immunity could not be transferred by the grantee. Morgan vs. Louisiana, 93 U. S. 207 ; Railroad Company vs. Delamore, 34 Ann. 1125.

9. Plea of novation and release is a judicial admission of the existence of the obligation at the time, and interrupts prescription. Insurance Company vs. Pike et al., 34 Ann. 828. Every effort to obtain a reduction or release was an acknowledgment interrupting prescription, C. C. 3520. See also Boyle vs. Mann, 4 Ann, 170 ; 2 Troplong. 263, 264. 725; 2 N. S. 545 ; 1 Rob. 182.

## *John M. Bonner,* for Defendant and Appellee :

1. The City Attorney is the legal adviser of the Council, and has the appointment of his assistants, and "no attorney shall, in any case, be appointed to assist him, unless by a vote of two-thirds of the members present of the Council." Sec. 27 of act 20 of 1882; 8 Kansas 487.

2. Messrs. Rouse & Grant were not appointed by the City Attorney, nor does it appear that two-thirds of the Council voted for their appointment. Their appearance in this case is, therefore, without legal authority.

3. Contracts to employ attorneys on contingent fees tend to corrupt and degrade the administration of justice, and when such contracts are sanctioned by municipal councils they are clearly against a sound public policy. 2 Mar. 281; 7 La. 207 ; 25 Ann. 281.

4. The original contracts between the city and the defendants were completely novated and extinguished by the subsequent contracts made in 1869, 1875 and 1879, under City Ordinances Nos. 1443, N. S.; 3243, A. S., and 4951, A. S. R. C. C. 2185 to 2189; 28 Ann. 679, 10 Rob. 34; C. P. 345.

5. Solemn notarial contracts. based on valid city ordinances, cannot be collatterally attacked by one of the contracting parties. 12 La. 105; 24 Ann. 224; 25 Ann. 369; 20 Ann. 112; 30 Ann. 249, 871; 32 Ann. 896 ; 38 Ann. 413.

6. When the resolutory condition, implied in all communicative contracts, depends on the will of either party, the dissolution of the contract must be sued for. R. C. C. 2047; Gayden vs. Railroad Company, 39 Ann. 269; 21 Wall. 44; 115 U. S. 469.

7. Before suit could be brought to dissolve these contracts it would be necessary to put defendant in default. R. C. C. 1913, 2028, 238; 3 Ann. 2076 ; 13 Ann. 605; 37 Ann. 495.

8. The plaintiff has so often and so long acquiesced in the binding force of the contract of 1869, whereby the bonus was reduced to one-eighth of one cent for each passenger carried, that she has led others to act on her acquiescence, and she is now estopped from attacking said contract. 1 Wal. 281; 100 U. S. 578; 32 Ann. 121 ; 33 Ann. 365; 34 Ann. 359; 35 Ann. 743, 924; 37 Ann. 323.

9. Defendant has a right to represent its stocholders. Morawitz on Corp., sec. 1 and sec. 227; 100 U. S. 317, 335.

10. All claims for bonus for more than three years prior to the 20th of March, are barred by the prescription of three years under the express language of R. C. C. 3538, on two grounds: (a) The suit is upon an open account. (b) The cottract sued on is a lease. R. C. C. 2674; Jew. Dig., p. 431, sec. 6.

11. The bonus sued for was to be in lieu of taxation, and the city had no right to exempt from taxation. The stipulation to pay bonus was, therefore, in contravention of a prohibitory law, and void. R. C. C. 2031; 28 Ann. 497; 35 Ann. 548.

The opinion of the Court was delivered by

BERMUDEZ, C. J.    The city sues to recover $281,418 75 as due her by the defendant's company, as the successor of one McConnel to whom she had granted the privilege of running a street railway and was to pay, as a consideration for such right, a certain *bonus*, on every passenger carried.    The period covered by the claim extends from 1866 to 1886, when this suit was brought.

The defendant pleaded prescription, prematurily and estoppel.

A judgment was rendered sustaining the plea of prescription as against any claim for the *bonus*, previous to the 24th of March, 1876, and maintaining the defence of permaturity to the claim for a certain other *bonus*, subsequent to that date and permitting the suit to stand for the difference.

The judgment thus rendered was signed on the 1st of July, 1887.

Answering the petition, the defendant's company pleaded mainly, that, under the contracts with the city, the *bonus* stipulated was to stand in place of taxes and that, by an agreement subsequently entered into, the city relieved the company from the payment of the *bonus*, on payment of the taxes and that the taxes having been paid, the city cannot now claim *insupra*, the *bonus*, as it cannot demand both.

The District Court after hearing, gave judgment ·for the defendant and the city appeals.

The defendant urges that the judgment first rendered, signed as stated, cannot be reviewed here, for the reason that, not having been appealed from, it constitutes *res judicata*.

An inspection of that judgment shows that it rejected plaintiff's demand in part, *absolutely*, by denying to her the right to sue for the *bonus* claimed prior to 24th March, 1876, the same being barred by prescription, and that it dismisses another part of the demand as premature.

The plaintiff, if aggrieved by that judgment ought to have appealed

from it within the year following its signature and as she did not do so, that judgment cannot be reviewed here.

Besides, by reference to the motion of appeal in the record and which brings up the matter in controversy before this court, it appears that the city complains only of the judgment rendered on February 25th and signed on March 1st, 1889, in favor of the defendant.

The appeal from the judgment on the merits does not imply an appeal from an anterior final judgment which disposed definitively of such parts of the demand as were not passed upon by the subsequent judgment just mentioned.

The objection is therefore well founded and the claim for the *bonus* said to be due anterior to March 24th, 1876, and some other, after that date, cannot be here passed upon. C. P. 593, 9 M. 519, 2 R. 342, 14 Ann. 788.

So that, the only matter to be considered is the demand for certain *bonus* said to be due after that date.

It would be tedious to enter into a recital of the lengthy different ordinances passed and contracts entered into, in relation to the rights and obligations of the respective parties. It is sufficient to state, that it clearly results from their spirit and tenor and from the construction put upon them by the parties, that the *bonus* was to be in place of *taxes* and that all claim by the city to the *bonus* was relinquished on the defendants paying their taxes. The evidence showing such payment, it follows that the claim for the bonus is without foundation, as the city can not have a standing to claim both. New Orleans vs. St. Charles R. R. Co., 28, Ann. 497; New Orleans vs. Sugar Shed Co., 35, Ann. 548; New Orleans vs. Water Works Co., 36 Ann. 432, R. C. C. 2031.

The record shows that, consulted as to the validity of a claim by the city of the bonus demanded, the then City Attorney reported adversely thereto. The special action, nevertheless, was brought by counsel specially engaged, who subsequently were joined by the succcessor of the consulted City Attorney, but who did not offer any oral argument on the hearing of the case in this court.

The district judge, after an elaborate statement of the pleadings, and of the evidence, as well as the different contentions of the parties, and points made by counsel, with an industry which does him credit, came to the conclusion that the judgment signed in July, 1887, could not be reviewed by him, as it had not been appealed from, and passing upon the merits of what was left of the original demand by that judgment, he tersely and appropriately said:

"The suit is for the bonus of seven-sixteenths of one, from March, 1876. From that date to the present time, under ordinances passed by the City Council, the city has collected all the taxes due, $117,910 17, and no *bonus*. The *bonus* under the original contract, was in lieu of taxation.

"The city cannot collect both *bonus* and taxes. Having elected to collect the taxes, she cannot now sue for the *bonus*. It has been so decided by the Supreme Court.

"There can be no doubt that, as the city had no power to exempt from taxes, or agree legally to a commutation, the stipulation of exoneration was in contravention of law; but it does not follow that, therefore, the city must recover the *bonus*. The understanding was that the bonus should be paid, provided no taxes were demanded. If the condition upon which the bonus was to be paid be prohibited, then it is void, and its nullity is destructive of the contract upon it.

"The city, therefore, cannot recover both, the tax and the *bonus*."

We think those reasons conclusive and we adopt them.

Judgment affirmed.