ON MOTION TO DISMISS
Before SAMUEL, REDMANN and LEMMON, JJ.
REDMANN, Judge.
Defendants move to dismiss plaintiff s appeal from a judgment maintaining an exception of prematurity. Defendants theorize such a judgment is interlocutory and is therefore unappealable unless the source of irreparable damage, C.C.P. art. 2083.
The judgment was based on a conclusion that arbitration was required under a contract between the parties. Whatever may be the result in other prematurity cases, the result of maintaining prematurity on the ground arbitration is obligatory is that the court below has absolutely declined to hear plaintiff’s case, and has not merely postponed hearing the case until after arbitration. The judgment decides that the contract requires that disputes be resolved by an arbitration tribunal rather than a court. In that sense, the judgment appealed from "determined the merits * * * *405 in part” and is a final judgment, C.C.P. art. 1841, and must be considered appeala-ble.
This court has recently entertained a similar appeal, Wright v. Round the Corner Restaurant, 252 So.2d 341 (La.App.1971), although appealability was taken for granted rather then decided there. There is also some authority, City of New Orleans v. Crescent City R. Co., 41 La.Ann. 904, 6 So. 719 (1889), suggesting that any judgment maintaining an exception of prematurity is appealable.
The motion is denied.