346 So.2d 1131 (1977)
Cleo Allen BUTLER, Individually, and Cleo Allen Butler, for and on behalf of her minor daughter, Michelle Butler
v.
FLINT-GOODRIDGE HOSPITAL OF DILLARD UNIVERSITY, Dr. Jerome Medley and Dr. Warren P. McKenna, Jr.
No. 8739.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1977.
Darleen M. Jacobs, New Orleans, for plaintiffs-appellants.
Adams & Reese, Lawrence L. McNamara, New Orleans, for defendants-appellees, Dr. Jerome Medley and Dr. Warren P. McKenna, Jr.
Lemle, Kelleher, Kohlmeyer & Matthews, H. Martin Hunley, Jr., New Orleans, for defendant-appellee, Flint-Goodridge Hospital of Dillard University.
Before GULOTTA, STOULIG and BOUTALL, JJ.

ON MOTION TO DISMISS
GULOTTA, Judge.
The basis of defendants' motion to dismiss plaintiffs' appeal is that a judgment maintaining an exception of prematurity is nonappealable because it is neither a final judgment nor an interlocutory judgment which may cause irreparable injury. See LSA-C.C.P. art. 2083. We disagree.
*1132 Defendants' exceptions of prematurity were based on plaintiffs' failure to allege compliance with the requirements of LSA-R.S. 40:1299.41 et seq. which provide that malpractice claims against health care providers described in the statute cannot be asserted in an action in a court of the State until the claimant's complaint has been presented to a medical review panel and an opinion by the panel has been rendered. Defendants assert that they are health care providers as defined in the statute. The exceptions of prematurity were maintained by the trial judge and plaintiffs' action was dismissed.
Though the dismissal of the suit as the result of the maintaining of an exception of prematurity is a dismissal without prejudice,[1] it is, nevertheless, a final judgment. The rule is well-established that a judgment of dismissal without prejudice is a final judgment from which an appeal will lie. People of Living God v. Chantilly Corporation, 251 La. 943, 207 So.2d 752 (1968); Rapides Savings & Loan Association v. Lakeview Development Corporation, 326 So.2d 511 (La.App.3d Cir. 1976). In City of New Orleans v. Crescent City R. Co., 41 La.Ann. 904, 6 So. 719 (1889), the Louisiana Supreme Court concluded, in effect, that a judgment dismissing a portion of plaintiff's claim on an exception of prescription and another portion of her claim on an exception of prematurity was appealable. In Wright v. Round The Corner Restaurants of Louisiana, Inc., 252 So.2d 341 (La.App. 4th Cir. 1971), we entertained an appeal from a judgment maintaining defendant's exception of prematurity. See also Stone v. Stone, 258 So.2d 404 (La.App. 4th Cir. 1972).
Accordingly, the motion to dismiss is denied.
MOTION DENIED.
NOTES
[1] See Official Revision Comment (c) following LSA-C.C.P. art. 933.