464 So.2d 1 (1984)
Symantha LEGER, Plaintiff-Appellant,
v.
B. Cason DELAHOUSSAYE, Jr., Defendant-Appellee.
No. 83-1093.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
*2 Alfred S. Landry, Jr., Lafayette, for plaintiff-appellant.
Charles J. Boudreaux, Jr., Lafayette, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and KNOLL, JJ.
KNOLL, Judge.
Plaintiff, Symantha Leger, appeals a judgment on an exception of prematurity dismissing her suit without prejudice against Dr. B. Cason Delahoussaye, Jr., for damages for personal injuries she sustained while undergoing medical treatment. The trial court sustained Dr. Delahoussaye's exception of prematurity since Leger's claim was not presented to a medical review panel. Leger asserts that the trial court erred in holding that her claim fell under the coverage of LSA-R.S. 40:1299.41, et seq., the medical malpractice act. Dr. Delahoussaye has answered the appeal seeking a declaration that an amended judgment, signed after Leger was granted an appeal, is a nullity. The issues on appeal are: (1) whether the trial court had jurisdiction to sign an amended judgment after Leger had been granted an appeal; (2) whether the judgment sustaining Dr. Delahoussaye's dilatory exception of prematurity is appealable; and (3) whether Leger's claim falls under the provisions of the medical malpractice act. We affirm in part and reverse in part.
The trial court signed two judgments sustaining Dr. Delahoussaye's exception of prematurity. Dr. Delahoussaye has answered the appeal contending the original judgment of the trial court is the only appealable judgment.
The original judgment granting Dr. Delahoussaye's exception of prematurity was signed on August 23, 1983. An order of appeal from that judgment was signed on October 5, 1983. On October 13, 1983, (after the appeal had been granted) Leger presented a motion and order to the trial court seeking to amend the original judgment; pursuant to that motion the trial court signed an amended judgment on October 24, 1983. An order of appeal from the amended judgment was granted to Leger on December 8, 1983.
Dr. Delahoussaye urges that the trial court had no jurisdiction to alter the original judgment after the first appeal was granted.
The jurisdiction of the trial court over all matters in the case reviewable under the appeal was divested on October 5, 1983, when the trial court granted the order of appeal. LSA-C.C.P. Art. 2088. The only difference between the original and amended judgment was the substitution of the words "APPROVED AS TO FORM" above Leger's counsel's signature for the words "APPROVED AS TO FORM AND SUBSTANCE." The amendment of the judgment in this manner does not fall within the ten limited exceptions listed in LSA-C.C.P. Art. 2088 over which the trial court retains jurisdiction.
Accordingly, we find the amended judgment signed December 8, 1983, null and void, and base our treatment of this appeal on the original judgment of the trial court signed on August 23, 1983.

FACTS
Leger is a body builder and weight lifter. Before going to Dr. Delahoussaye, she took diet pills. In her deposition, she stated that in an effort to lose weight she took diet pills, human chorionic gonadotropin (HCG), under a prescription that was issued to her husband. The 1984 edition of the "Physicians' Desk Reference" states that HCG stimulates production of gonadal steroid hormones. Subsequently, she developed serious female problems that necessitated a hysterectomy. Dr. Delahoussaye performed the surgery at the American Legion Hospital in Crowley, Louisiana. Leger alleges that twelve hours after the operation, she requested additional pain medication but Dr. Delahoussaye refused her request, became enraged, accused her of being a drug addict, and intentionally struck her head with his hand. Dr. Delahoussaye, in his deposition, stated that he *3 felt Leger was mad at him because he told her she would develop ovarian problems if she continued taking HCG.

APPEAL OF JUDGMENT OF DISMISSAL
The rule is long established that a judgment of dismissal without prejudice is a final judgment which may be appealed. Butler v. Flint-Goodridge Hosp. of Dillard U., 346 So.2d 1131 (La.App. 4th Cir. 1977); Rapides Savings & Loan Association v. Lakeview Development Corporation, 326 So.2d 511 (La.App. 3rd Cir.1976). Accordingly, we concur with Butler, supra, and hold that Leger may appeal this issue.

PREMATURITY
Leger contends that her claim does not fall under the provisions of the medical malpractice act. The learned trial judge stated the following in his reasons for judgment:

"This is a suit against a physician sounding in tort as well as medical malpractice. Plaintiff herself, in her First Amending Petition filed on July 23, 1982, in paragraph 7b thereof alleges that the defendant's action constituted `malpractice.' There is no question that the claim of plaintiff is based in part, at least, on medical malpractice. Accordingly, since defendant is a Health Care Provider as defined in LSA-R.S. 40:1299.47 et seq, the malpractice claim must be presented to a medical review panel; as this was not done the action is premature...."
Leger's original petition is based on the intentional tort of assault and battery. Leger's amended and supplemental petition also clearly alleges medical malpractice on the part of Dr. Delahoussaye. Dr. Delahoussaye contends that Leger's petition fails to specify the requisite intent to characterize his actions as an intentional tort, and further, that her petition clearly states that her cause of action is based on events arising from his medical treatment.
LSA-C.C.P. Art. 856 provides in pertinent part "... Malice, intent, knowledge, and other condition of mind of a person may be alleged generally." In Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984), the Louisiana Supreme Court stated clearly:
"... [A] person's malice, intent, knowledge or other condition of mind cannot be particularized, can only be raised through a general allegation thereof, and that this has been held to be sufficient under the jurisprudence."

In accord see Parks v. Winnfield Life Ins., Co., 336 So.2d 1021 (La.App. 3rd Cir.1976), writ denied, 339 So.2d 351. Paragraphs two and three of Leger's original petition, and paragraph seven of her amending petition sufficiently raise the requisite intent to state a cause of action as an intentional tort.
In her amending petition, Leger alleges alternative claims sounding in negligence and specifically alleges that Dr. Delahoussaye was guilty of medical malpractice in his treatment of plaintiff.
Medical malpractice is defined under the act as:
LSA-R.S. 40:1299.41A(8)
"... any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, and also includes all legal responsibility of a health care provider arising from defects in blood, tissue, transplants, drugs and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient."

Under this statute, the tort must arise from health care or professional services rendered. Health care is broadly defined under the medical malpractice act as:
LSA-R.S. 40:1299.41A(9)
"... any act, or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's *4 medical care, treatment or confinement."

Leger's petition states that Dr. Delahoussaye's acts took place in her hospital room while she was in pain recovering from surgery. Dr. Delahoussaye testified by way of deposition that he was in the hospital waiting to deliver a baby for another patient; he heard screaming in Leger's hospital room and immediately went to her aid because he thought she may have been suffering complications from her recent surgery. After observing Leger, he found her hysterically out of control, therefore, he lightly slapped her face in an effort to bring her back to reality and to prevent other unrelated injuries.
We find Leger's original and amending petition alleges two separate causes of action: one for an intentional tort and one for medical malpractice. Although Leger's two causes of action are closely related, because Leger alleged an intentional tort, we are constrained to reverse the trial court's judgment dismissing her intentional tort claim. However, we find that the court properly dismissed Leger's suit without prejudice on the exception of prematurity concerning Leger's claim for medical malpractice.
For the foregoing reasons, the judgment of the trial court is reversed in part and affirmed in part. All costs of this appeal are assessed one-half to plaintiff-appellant, Symantha Leger, and one-half to defendant-appellee, Dr. B. Cason Delahoussaye.
AFFIRMED IN PART; REVERSED IN PART.