FORET, Judge.
This is a medical malpractice suit wherein Hilda Cudges has alleged negligent acts committed by employees of Our Lady of Lourdes Hospital as well as intentional acts *196 that caused her damage. The hospital is a qualified health care provider, and filed an exception of prematurity to plaintiffs suit, since plaintiff did not seek review before a medical review panel prior to institution of this suit. The hospital’s exception was sustained in part as to the allegations pertaining to negligence, but was denied as to the allegations pertaining to any intentional acts. From the judgment overruling defendant’s exception in part, the hospital sought supervisory relief.
PLAINTIFF’S ALLEGATIONS.
Plaintiff filed suit for injuries allegedly sustained as a result of treatment administered at the defendant hospital in October, 1985. She alleged that during her stay in the hospital she received, by intravenous administration, an overdose of the drug Heprin, causing a loss of blood pressure, pain, and discomfort. Subsequently, during the same hospital stay, plaintiff alleges that defendant’s personnel, while attempting to draw blood from her despite her pleas that “something was wrong”, continued said attempt, resulting in a venopunc-ture, which ultimately required surgery.
In her petition, plaintiff alleged that her injury was caused by the negligent and/or intentional acts of defendant by, inter alia, wantonly allowing an overdose of a drug known as Heprin to be administered negligently and wilfully causing a venopuncture by wilful disregard of plaintiff’s well being. Plaintiff did not allege, however, that defendant’s personnel desired the consequences of their acts or believed that they were substantially certain to follow their acts.
The trial court sustained defendant’s exception of prematurity to plaintiff’s negligence claims on the ground that the allegations of negligence were within the realm of the medical malpractice act. However, the trial court ruled that the allegations of intentional tort were properly before the court and that those claims could proceed to trial without the necessity of prior sub-mittal to a medical review panel. We granted defendant’s writ application to consider the propriety of the latter ruling.
INTENTIONAL ACTS
Defendant contends that the trial court erred in finding plaintiff’s allegations of intentional acts by defendant’s employees to be sufficient to preclude application of the medical malpractice act. Plaintiff contends that her claim does not fall under the provision of the medical malpractice act since the defendant committed an intentional tort upon her.
LSA-R.S. 40:1299.47 requires that medical malpractice claims be submitted before a medical review panel. It provides:
“§ 1299.47. Medical review panel “A. All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided in this Section. # * * it
LSA-R.S. 40:1299.41 A.(8) defines malpractice as:
“(8) ‘Malpractice’ means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, and also includes all legal responsibility of a health care provider arising from defects in blood, tissue, transplants, drugs and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient.” (Emphasis supplied)
The issue then is whether or not plaintiff’s petition alleges an intentional tort on the part of defendant’s employees. In Paragraph III of plaintiff’s petition, plaintiff alleges injury
“[B]y the neglect and intentional acts of hospital personnel plaintiff received by intravenous administration a believed to be near fatal overdose of the drug Hep-rin causing a dramatic loss of blood pressure and near death condition ...”
At Paragraph IV of plaintiff’s petition, a second allegation of intentional tort is as follows:
*197 “During the same hospital stay thru [sic] the direct negligence and/or intentional acts of Our Lady of Lourdes Hospital personnel, while attempting to draw blood, the unknown lab personnel continued to attempt to draw blood over the pleas of complainant that ‘something was wrong,’ resulting in a venopuncture ... Therefore, defendant’s negligence and intentional act have caused complainant great pain ...”
Although the Louisiana Supreme Court case of Bazley v. Tortorick, 397 So.2d 475 (La.1981), involved a definition of “intentional tort” in a worker’s compensation case, it would seem to us that Bazley is equally applicable to the issue of determining whether an act or omission is an intentional, or unintentional tort, as mentioned in LSA-R.S. 40:1299.41 A.(8). Bazley stated:
“The meaning of ‘intent’ is that the person who acts either (1) consciously desires the physical result of his act ... or (2) knows that that result is substantially certain to follow from his conduct.... Thus, intent has reference to the consequences of an act rather than to the act itself.”
Plaintiff’s petition alleges neither of the two tests set forth by the Supreme Court in Bazley. And from the facts alleged (not legal conclusions alleged), it does not appear that the conduct complained of constitutes an intentional tort within the meaning of Bazley nor under the meaning and intent of R.S. 40:1299.41 A.(8).
Plaintiff argues, and our esteemed and learned sister of the trial court found, that insofar as the drawing of the blood, which allegedly resulted in a venopuncture, was concerned, when the plaintiff protested that something was wrong and yet the hospital technician continued to search for the vein, that plaintiff’s consent had been withdrawn and the further probing amounted to a battery. Having so decided, the trial court found that an intentional tort may have been committed, apparently relying on the case of Karl J. Pizzalotto, M.D., Ltd. v. Wilson, 437 So.2d 859 (La. 1983); this Circuit’s case of Leger v. Delahoussaye, 464 So.2d 1 (La.App. 3 Cir.1984); and Beck v. Lovell, 361 So.2d 245 (La.App. 1, Cir.1978). These cases are readily distinguishable. In Pizzalotto, the physician performed an unauthorized hysterectomy, and the Supreme Court considered that to be a battery; in Beck the physician performed a sterilization procedure without consent; and in Leger the physician actually slapped the patient in the face. The case before us obviously is not analogous to these above mentioned cases.
Again, from the facts alleged in plaintiff’s petition, we are unable to conclude that (1) defendant’s employees consciously desired the physical result of their acts, or (2) knew that the result was substantially certain to follow from their conduct. It appears from the pleadings that the acts complained of were ordinary hospital procedures which may or may not have been done negligently, but were certainly not done with the intent to precipitate the alleged consequences of the acts.[1]
For the foregoing reasons, the writ granted herein is made peremptory. We reverse the trial court judgment wherein it had only partially overruled the exception of prematurity, and now decree that the exception of prematurity filed by relators be sustained as to all the demands of plaintiff, and her suit is hereby dismissed without prejudice. All costs in the trial court and the costs incurred in the Court of Appeal are assessed against plaintiff, Hilda M. Cudges.
REVERSED AND RENDERED.

. We have examined the recent Louisiana Supreme Court case of Caudle v. Betts, 512 So.2d 389 (La.1987), to determine if the ruling of that case is applicable to the case sub judice. We find that it is not apposite.