774 So.2d 350 (2000)
Elizabeth GEORGE
v.
OUR LADY OF LOURDES REGIONAL MEDICAL CENTER, INC.
No. 00 00930-CA.
Court of Appeal of Louisiana, Third Circuit.
December 6, 2000.
*351 Philip E. Roberts, John A. Bivins, Harmon F. Roy, Roy, Bivins, Judice, Lafayette, LA, Counsel for Our Lady of Lourdes Regional Medical Center, Inc.
Rebekah Rachel Gallo, Attorney at Law, Lafayette, LA, Counsel for Elizabeth George.
(Court composed of ULYSSES G. THIBODEAUX, OSWALD A. DECUIR, and JIMMIE C. PETERS, Judges).
PETERS, Judge.
Elizabeth George brought this action against Our Lady of Lourdes Regional Medical Center, Inc. ("Medical Center") in Lafayette, Louisiana, to recover for damages she sustained when she fell down the steps of the Medical Center's Blood Mobile. The Medical Center appeals the trial court's denial of its exception of prematurity. For the following reasons, we affirm the trial court's judgment in all respects.

DISCUSSION OF THE RECORD
Ms. George asserts in her petition that, on November 10, 1998, the Medical Center brought its blood mobile to her place of employment in order to induce her and others to voluntarily donate blood. She further asserts that, although she had never done so in the past, she donated a pint of blood on this occasion and, thereafter, a member of the Blood Mobile staff gave her a container of orange juice to drink. After consuming that pint of orange juice, Ms. George was given another pint of orange juice, and she started to exit the Blood Mobile.
According to the petition, as she walked to the back of the Blood Mobile, Ms. George "began to feel shaky and weak." She continued to experience weakness, and, as she attempted to negotiate the steps leading from the vehicle, she "blacked out into unconsciousness" and fell down the steps, "land[ing] very hard" on the cemented surface of the parking lot. She asserts that the Medical Center was negligent in causing her injuries for the following reasons:
a) For negligently allowing [Ms. George] to walk unmonitored out of the Blood Mobile;
b) Failure to monitor [Ms. George] for side effects from donating blood;
c) Failure to adequately warn a first time blood donor of the risks and side effects associated with blood donation;
d) Failure to otherwise conduct itself in a reasonable and prudent manner;
e) For creating a hazardous condition; and
f) For any and all acts of negligence to be proven at trial.
*352 The petition asserts that Ms. George had also filed a complaint against the Medical Center with the Louisiana Patient's Compensation Fund under the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41, et seq. The filing of this complaint prompted the Medical Center to respond to the petition with exceptions of prematurity and no cause of action.
In its exceptions, the Medical Center asserts that it "is a duly qualified health-care provider under the terms of the Louisiana Medical Malpractice Act, and is entitled to have this claim reviewed by a Medical Review Panel." After a hearing, the trial court denied both exceptions.[1] The Medical Center appealed the trial court's judgment but in its assignment of error questions only the trial court's denial of its exception of prematurity.

OPINION
The Louisiana Medical Malpractice Act requires that all malpractice claims against a qualified health care provider be submitted to a medical review panel before suit is filed. La.R.S. 40:1299.47(B)(1)(a)(i). A "health care provider" is defined under the Act as "a person, partnership, limited liability partnership, limited liability company, corporation, facility, or institution licensed to provide health care or professional services...." La.R.S. 40:1299.41(A)(1). This definition specifically includes a hospital or community blood center within its terms. Id. The concept of malpractice is defined by the Act as follows:
"Malpractice" means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from defects in blood, tissue, transplants, drugs and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient.

La.R.S. 40:1299.41(A)(8) (emphasis added).
The Act defines "patient" as "a natural person who receives or should have received health care from a licensed health care provider, under a contract, express or implied." La.R.S. 40:1299.41(A)(3) (emphasis added). "Health care" is defined by the Act as "any act, or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment or confinement." La.R.S. 40:1299.41(A)(9) (emphasis added).
Application of these definitions to the case before us clearly establishes that Ms. George was not the Medical Center's patient at the time of her accident. She entered the Blood Mobile for the sole purpose of donating blood, and at no time did she receive medical care or treatment as contemplated by the Louisiana Medical Malpractice Act. "To constitute malpractice, health care or professional services must be rendered to a patient." Guidry v. Garrett, 591 So.2d 806, 807 (La.App. 3 Cir.1991). Ms. George's sole remedy against the Medical Center is based on the general law of negligence, and not the special tort of malpractice. Accordingly, we find no merit in the Medical Center's sole assignment of error.

DISPOSITION
For the foregoing reasons, we affirm the trial court's judgment rejecting the exception *353 of prematurity in all respects. We tax all costs of this appeal against Our Lady of Lourdes Regional Medical Center.
AFFIRMED.
NOTES
[1] At the trial on the exceptions, no evidence was presented to establish the Medical Center as a qualified health care provider under the Louisiana Medical Malpractice Act. The Medical Center attempted to produce such evidence through a motion for new trial of the exceptions. The trial court denied this motion as well. However, the lack of evidence concerning the Medical Center's status as a qualified health care provider is not dispositive of the issue before us.