DANIEL L. DYSART, Judge.
Lin this appeal, plaintiff avers the trial court erred in sustaining defendant’s exception of prematurity. For the reasons set forth below, we affirm in part and reverse in part.

FACTS AND PROCEDURAL HISTORY

Plaintiff, Karen Lagasse, filed suit against Dr. Culotta and Tenet Health System Memorial Medical Center, Inc. (“the Hospital”) and others after her mother, Merle Lagasse, died at the Hospital during Hurricane Katrina. Merle Lagasse suffered from terminal lung cancer and end-stage chronic obstructive pulmonary disease, and was hospitalized for “intractable pain” at that time. Plaintiff brought survival and wrongful death actions alleging that defendants were solidarily liable due to their combined negligent acts of failing to have an adequate evacuation plan for their patients, and in removing and failing to replace her deceased mother’s oxygen mask. Later, on November 30, 2010, plaintiff filed a third supplemental and amending petition adding an allegation that Dr. Culotta euthanized her mother.
|2In his deposition, Dr. Culotta, a pulmonary specialist, testified that after he determined that Merle Lagasse was “actively dying,” he gave her pain medication, not to hasten her death, but rather to relieve her discomfort.
On October 26, 2010, defendants filed an Exception of Prematurity, asserting that plaintiffs claims sounded in medical malpractice, and therefore should have first been presented to a Medical Review Panel. The trial court agreed and dismissed plaintiffs claims pending submission to a Medical Review Panel. Plaintiff subsequently filed this appeal.

DISCUSSION

Plaintiff asserts that the trial court erred in concluding that her claim was covered by La. R.S. 40:1299.41 et seq., the Louisiana Medical Malpractice Act (“LMMA”). Plaintiff argues that she is alleging an intentional act, euthanasia, the practice of intentionally ending a life in order to relieve pain and suffering, which is not included under the LMMA.
Medical malpractice is defined under the act as:
*72 “... any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, and also includes all legal responsibility of a health care provider arising from defects in blood, tissue, transplants, drugs, and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient.”
La. R.S. 40:1299.41 A(13).
Under this statute, the tort must arise from health care or professional services rendered. Health care is broadly defined as:
|s“... any act, or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient’s medical care, treatment or confinement.”
La. R.S. 40:1299.41 A(9).
Plaintiff states in her brief that “at no time has [she] ever intended to assert a claim of simple medical malpractice.... Pure and simple, she is asserting an intentional tort founded on euthanasia, or, at the very least, gross or willful and wanton conduct on the part of the defendant-physician.”
Plaintiff alleges that Dr. Culotta intentionally injected her mother with a lethal dose of narcotics in order to bring about her death. We find the allegation of euthanasia to be an intentional tort that is not covered by the LMMA. Therefore, this claim need not be presented to a Medical Review Panel.
Plaintiffs original, first, and second supplemental and amending petitions contained allegations of negligence and medical malpractice. Plaintiff did not remove these allegations of negligence in her third supplemental and amending petition when she added a claim of euthanasia; rather, she states that she “re-avers and re-alleges each and every allegation” made in the previous petitions. As such, the claims for negligence and medical malpractice remain.
Plaintiffs petitions allege two separate causes of action: one for an intentional tort of euthanasia, and one for medical malpractice. Although plaintiffs two causes of action are closely related, because plaintiff alleged an intentional tort, we must reverse the trial court’s judgment dismissing this claim. However, we find that the court properly dismissed plaintiffs suit without Lprejudice on the exception of prematurity concerning plaintiff’s claim for medical malpractice. See Leger v. Delahoussaye, 464 So.2d 1 (La.App. 3rd Cir.1984).

CONCLUSION

Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed in part and reversed in part.

AFFIRMED IN PART AND REVERSED IN PART

TOBIAS, J., concurs and assigns reasons.