Donita DENTON

v.

CRITIKON, INC.

Civ. A. No. 90–276–B.

United States District Court, M.D. Louisiana.

June 27, 1991.

Scott T. Gegenheimer, Baton Rouge, La., for Donita Denton.

Ernest P. Gieger, Jr., Trial Atty., Stephanie M. Lawrence, McGlinchey, Stafford, Cellini & Lang, New Orleans, La., for Critikon, Inc. and Johnson & Johnson, Inc.

## RULING ON PLAINTIFF'S MOTION TO AMEND AND REMAND

POLOZOLA, District Judge.

On February 27, 1990, plaintiff filed this suit in the 19th Judicial District Court for the Parish of East Baton Rouge seeking damages "in products liability" for injuries allegedly caused by a defective intravenous catheter manufactured and sold by defendants.

Defendants timely removed this action to this Court, asserting the Court has subject matter jurisdiction based on diversity of citizenship.[1] Since the plaintiff is a resident of the State of Louisiana while defendant Critikon, Inc. is a Florida Corporation with its principal place of business in Florida and defendant Johnson & Johnson is a New Jersey corporation with its principal place of business in New Jersey, there is complete diversity between the parties.

Plaintiff has now filed a motion for leave to amend his complaint to add the Medical Center of Baton Rouge, Inc., a Louisiana corporation with its principal place of business in Louisiana, as an additional defendant. It is clear that if the Court grants the plaintiff's motion to add the Medical Center of Baton Rouge as a defendant, complete diversity would be destroyed and the Court would be required to remand this case back to state court.[2]

This case is governed by 28 U.S.C. § 1447(e), which provides:

If after the removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny the joinder, or permit the joinder and remand the action to state court.

In *Hensgens v. Deere & Co.,*[3] the Fifth Circuit Court of Appeals set forth the proper analysis for the district court to use "when faced with an amended pleading naming a new nondiverse defendant in a removed case." The Fifth Circuit stated:

[T]he court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for the amendment, whether plaintiff will be significantly injured if the amendment is allowed, and any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether the amendment should be permitted.[4]

■ There is no indication in the record that plaintiff's joinder of Medical Center of Baton Rouge is for the purpose of destroying this Court's jurisdiction. Further, plaintiff was originally unable to add the Medical Center of Baton Rouge as a party until a final decision had been reached by the Medical Review Panel.[5] Thus, plaintiff's motion to amend is not necessarily "dilatory."

In deciding whether to allow the plaintiff's motion to amend, this Court must balance "the defendant's interest in maintaining the federal forum with the competing interest of not having parallel lawsuits proceeding in federal and state court."[6]

■ A review of the original and proposed amended complaint reveals that plaintiff's cause of action against the original defendants is based on products liability law while plaintiff's action against the hospital is based on medical malpractice. It is doubtful that the hospital is a joint

---

1. 28 U.S.C. § 1332.

2. The new amendment, 28 U.S.C. § 1367, is not applicable.

3. 833 F.2d 1179, 1182 (5th Cir.1987). This court had occasion to apply the factors set forth in *Hensgens* in *Depriest v. BASF Wyandotte Corp.,* 119 F.R.D. 639 (M.D.La.1988).

4. 833 F.2d at 1182.

5. In fact, plaintiff had originally included the Medical Center of Baton Rouge as a defendant in this litigation. However, because the Medical Review Panel had not reached a final determination, the Medical Center was dismissed on the grounds of prematurity.

6. *Depriest,* 119 F.R.D. at 640.

tort feasor with the original defendants under Louisiana law. Thus, if the amendment is not allowed and plaintiff is forced to pursue his action against the Medical Center of Baton Rouge in state court, the actions in the federal court and the state court in this case would not be parallel and a judgment in one case is not binding on the other case. The evidence and legal standards to be applied in these two proceedings will be different. In the action against the Medical Center of Baton Rouge, plaintiff must prove the defendant was negligent and that its negligence caused plaintiff's injuries. The action against the two original defendants, on the other hand, is a products liability action. Plaintiff in that action will have to prove that the product was unreasonably dangerous for normal use at the time it left the factory, and that this "defect" in the product caused plaintiff's injuries. Although the damage issue in the two actions could be similar, this similarity is not sufficient to outweigh the right of the defendants to have the case tried in federal court. For these reasons, the Court finds that plaintiff's motion to amend should be denied.[7]

Therefore:

IT IS ORDERED that plaintiff's motion to amend his complaint, and his motion to remand, are DENIED.

---

**7.** Recently, in *Miller v. Dow Corning Corp.,* CA No. 89–825–B (M.D.La. Nov. 19, 1990), this Court reached the same result under a very similar factual scenario.