John DOE, et al.

v.

CUTTER BIOLOGICAL, et al.

Civ. A. No. 91–2466.

United States District Court, E.D. Louisiana.

Sept. 5, 1991.

---

Wilson C. Krebs, Thomas Wilson Mull, Mull & Mull, Covington, La., for plaintiffs.

Charles L. Chassaignac, Mary Lynne Friedman, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., Terry O. Tottenham, Fulbright & Jaworski, Austin, Tex., for defendant Miles, Inc.

### ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is the plaintiffs' motion to remand or in the alternative to stay these proceedings. For the reasons that follow, the plaintiffs' motion to remand is GRANTED.

On May 21, 1991, the plaintiffs filed suit in state court against Cutter Biological, A Division of Miles, Inc., the Administrators of the Tulane Educational Fund, Tulane Medical School, and Dr. Andres. Jane Doe has hemophilia and from 1981 to 1990 was treated at the Tulane Medical School in a program called the Louisiana Comprehensive Hemophilia Care Program. Dr. Andres was the program's director and was allegedly Jane Doe's treating physician. Pursuant to his instructions, Jane Doe was given the drug Koate, which is manufactured by Miles and is supposed to help increase the blood's clotting ability. The plaintiffs allege that Jane Doe was infected with the HIV virus through her use of Koate. Except for Miles, the defendants are residents of Louisiana. The plaintiffs, however, did not serve Dr. Andres and Tulane with their suit because, under Louisiana law, they should have convened a medical-review panel before filing suit. On June 11, 1991 the plaintiffs requested such a panel. On July 8, 1991 Miles removed the case to federal court.

#### I. *Background*

The removing party carries the burden of proof on the issue of remand. Since "removal jurisdiction raises significant federalism concerns, [this Court] must ... strictly construe removal jurisdiction." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5 Cir. 1988) (citations omitted). Mindful that we are courts of limited jurisdiction, this Court will narrowly construe removal jurisdiction, while placing the burden of proof on Miles to justify removal.

■ Notwithstanding the obvious procedural lapse, the plaintiffs' failure to serve Dr. Andres and Tulane does not automatically permit Miles to remove the case. In other words, even though the nondiverse defendants have not been served, the case can nevertheless lack complete diversity, and as a result, it cannot be removed. *See Aydell v. Sterns*, 677 F.Supp. 877, 879 (M.D.La.1988) ("[T]he simple fact that a resident defendant has not yet been served does not, in and of itself, entitle a nonresident defendant to remove."); *see also Schwegmann Bros. Giant Supermarkets, Inc. v. Pharmacy Reports, Inc.*, 486 F.Supp. 606 (E.D.La.1980). Thus, because this case implicates both diverse and nondiverse defendants, complete diversity is absent. One exception, however, permits nondiverse parties to remain in federal court: fraudulent joinder. To resolve the issue of remand, the Court must determine whether the nondiverse defendants were fraudulently joined.

## II. *Fraudulent Joinder*

### A. Standards

■ A party may not join a party in a suit simply to defeat diversity; the party must have a viable claim against that defendant. Scholars agree that fraudulent joinder must be proved "with particularity and supported by clear and convincing evidence" by the removing party. "A party will be considered fraudulently joined," it is said, "when plaintiff has not stated a claim for relief or does not intend to secure a judgment against that defendant." 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3723, at 343, 347–52 (2d ed. 1985) (footnote omitted).[1] Here, plaintiffs claim might well be procedurally premature, but one can hardly

imagine that it is not viable under law (likelihood of success is not the test).

In *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5 Cir.1981), the Fifth Circuit spoke to the standard by which a district court must determine fraudulent joinder:

> In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

*B, Inc., supra* at 549 (emphasis in original) (footnote omitted). The burden on the removing party to prove fraudulent joinder is often said to be a heavy one. The circuit emphasized that "if there is even a possibility that a state court would find a cause of action stated against any one of the named in-state defendants on the facts alleged by the plaintiff, then the federal court must find that the in-state defendant(s) have been properly joined." *Id.* at 550. In *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5 Cir.1983), *cert. denied*, 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984), the Fifth Circuit more determinedly repeated the test for fraudulent joinder:

> The removing party must prove that there is *absolutely no possibility* that the plaintiff will be able to establish a cause of action against the in-state defendant in state court. . . .

To make this determination, the Fifth Circuit instructs district courts to "evaluate all of the factual allegations in the plaintiff's state court pleading in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Green, supra* at 205. Thus, we are instructed to be cautious about fraudulent joinder claims.[2]

---

**1.** *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921) (fraudulent joinder of resident defendant, who had no real connection to the case, could not defeat the right of removal).

**2.** *See also Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5 Cir.1990) ("[a]fter all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the

nonremoving party, the court determines whether that party has *any possibility* of recovery against the party whose joinder is questioned"); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5 Cir.1989) (court may find fraudulent joinder *only* if there is no possibility of establishing a valid cause of action against the nondiverse defendant).

## B. Application

In deciding jurisdictional issues, the Court examines the petition at the time the removal petition was filed. "It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed." *In re Carter*, 618 F.2d 1093, 1101 (5 Cir.1980), *cert. denied*, 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981).

Miles urges that the two nondiverse defendants were fraudulently joined because, at the time of the filing of the petition, the plaintiffs could not state a valid cause of action against them. More specifically, Miles says that since the plaintiffs failed to procedurally convene a medical-review panel before filing suit against the doctor and Tulane, they are barred from suing them, and as a result, the nondiverse defendants were fraudulently joined.

Improperly joined, prematurely joined ... probably. But fraudulent joinder is composed of more serious stuff.

In Louisiana, before one may file a malpractice suit against a health-care provider, the claims must first be administratively considered by a medical-review panel. La. R.S. § 40:1299.47 B (1)(a)(i) (West 1991) provides: "No action against a health care provider ... may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel...." In this case, it is undisputed that Dr. Andres and Tulane are health-care providers under the statute. The plaintiffs, therefore, should have submitted their malpractice claim to a medical-review panel before filing suit in state court.

But the plaintiffs sued first, and then submitted their complaint to a panel.[3] Under Louisiana law, failure to convene a medical-review panel before filing suit, may result in a dismissal, without prejudice, of the plaintiff's case. In Louisiana jargon, the cause of action may be dismissed pursuant to the dilatory exception of prematurity. In *Jarrell v. American Medical Int'l Inc.*, 552 So.2d 756, 759 (La.Ct.App. 1 Cir.1989), *writ denied*, 556 So.2d 1282 (La. 1990) the court of appeal affirmed the trial court's grant of the defendant's plea of prematurity. The court explained:

> The function of the ... objection of prematurity is to raise the issue that the judicial cause of action has not come into existence because some prerequisite condition has not been fulfilled.

The court of appeal found that the plaintiff's responsibility in having his malpractice complaint reviewed by a medical-review panel was a precondition to filing suit. Therefore, the exception of prematurity was appropriate. Of course, once the prerequisite was satisfied, the plaintiff could pursue his cause of action. Procedural prematurity is not a conceptually accurate measure of fraudulent joinder if the claim theory asserted can be said to have plausible substantive merit. Prematurity does not trump viability. Other Louisiana courts are in harmony with this thought. *See Fitzgerald v. Hurwitz*, 517 So.2d 412, 413 (La.Ct.App. 4 Cir.1987); *see also Miller v. Griffin–Alexander Drilling Co.*, 685 F.Supp. 960, 967 (W.D.La.1988) (dismissing suit, without prejudice, for failure to state a claim).

As noted earlier, when analyzing a claim of fraudulent joinder, the Court must determine whether there is no possibility that the plaintiff could establish a cause of action against the nondiverse defendants. The key inquiry to a claim of fraudulent joinder is whether the plaintiff made the nondiverse party a defendant under a claim theory that has substantive merit. *B., Inc. v. Miller Brewing* and *Green v. Amerada Hess* ask whether the plaintiff has a substantive cause of action against the nondiverse parties. Can the facts support the plaintiffs' substantive claims against the nondiverse defendants? *See Tedder v.*

---

**3.** It appears from the record that the medical-review panel has not yet been convened. Whether plaintiffs' procedural moves stem from their unfamiliarity with the correct procedure, or tactical indifference, is not a matter that needs to be resolved at this time, but it is one that has made the Court's task less than easy.

*F.M.C. Corp.*, 590 F.2d 115, 117 (5 Cir. 1979).

Miles argues that because the suit against Dr. Andres and Tulane, the nondiverse defendants, is procedurally barred by La.R.S. § 40:1299.47 B(1)(a)(i), they were fraudulent joined. The Court disagrees. Miles mistakes procedure for substance. The Court holds that the nondiverse defendants were not fraudulently joined and, consequently, the case must be remanded to state court.

John and Jane Doe have stated a viable cause of action under which the doctor or Tulane could be found liable, if the evidence supports their claims. The plaintiffs may be procedurally barred from suing at this time because they failed to convene a medical-review panel before filing suit, but they certainly have stated a cause of action that could impose liability on Dr. Andres or Tulane. Taking into account the obligation to narrowly construe removal jurisdiction, and recognizing that the burden of proving fraudulent joinder is a heavy one, this Court holds that the plaintiffs did not fraudulently join Dr. Andres and Tulane. The plaintiffs have stated a cause of action under state law. To hold to the contrary on these facts, would exalt procedure over substance. Therefore, fraudulent joinder is not applicable, and complete diversity is lacking in this case.

The plaintiffs' motion to remand is GRANTED.[4]

---

**4.** Although the Court need not address the alternatively argued issue of stay pending completion of the medical-review panel's work, it is useful to note that such a stay would, contrary to the arguments of Miles, avoid piecemeal resolution of these claims and enhance all notions of judicial economy. The arguments Miles makes would have the opposite result.