**Donita DENTON**

v.

**CRITIKON, INC.**

**Civ. A. No. 90–276–B.**

United States District Court, M.D. Louisiana.

Dec. 30, 1991.

Scott T. Gegenheimer, Baton Rouge, La., for Donita Denton.

Ernest P. Gieger, Jr., Stephanie M. Lawrence, McGlinchey, Stafford, Mintz, Cellini & Lang, P.C., New Orleans, La., for Critikon, Inc.

## RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S DENIAL OF PLAINTIFF'S MOTION TO REMAND AND FOR ORDER PERMITTING APPEAL OF INTERLOCUTORY ORDER

POLOZOLA, District Judge.

This matter is before the Court on the motion of the plaintiff, Donita Denton, to reconsider the Court's denial of plaintiff's motion to amend her petition and to remand this action to the 19th Judicial District Court, for the Parish of East Baton Rouge, State of Louisiana. No oral argument is required on this motion.

On June 27, 1991, 137 F.R.D. 236, the Court denied plaintiff's motion to amend her suit to add the Medical Center of Baton Rouge, Inc., a Louisiana corporation with its principal place of business in Louisiana, as an additional defendant in this case. When denying plaintiff's motion to amend, the Court also denied plaintiff's motion to remand since the Court had subject matter jurisdiction based on diversity of citizenship.[1]

Plaintiff now claims that the propriety of removal *ab initio* was inadvertently not argued to the Court in plaintiff's original motion to remand.[2] Plaintiff seeks to have the Court look at the pleadings originally filed in the suit to determine whether the action was removable. Specifically, plaintiff contends that at the time the state court suit was filed, complete diversity did not exist because the Medical Center of Baton Rouge, a Louisiana resident for diversity purposes, was named as a defendant and was domiciled in the same state as plaintiff. The Medical Center of Baton Rouge was later dismissed from the suit without prejudice upon a motion filed by plaintiff because plaintiff had failed to proceed initially through the statutorily required Medical Review Panel.[3]

■ In her motion to reconsider, the plaintiff argues that the dismissal of the Medical Center of Baton Rouge was not a voluntary act of plaintiff. Plaintiff further contends that since the action was not originally removable when it was filed, the action could become removable only if the Baton Rouge Medical Center was dismissed by a voluntary act of the plaintiff.

In *Weems v. Louis Dreyfus Corp.*,[4] the Fifth Circuit held that the voluntary-involuntary distinction is still the rule governing removability of actions when a nondiverse party is dismissed from an action thereby making the action removable. This Court has followed the *Weems* decision in prior cases and believes the Fifth Circuit's decision is correct and consistent with other circuits' interpretation of 28 U.S.C. § 1446(b).[5]

While the Court agrees that the voluntary-involuntary distinction is a correct

---

1. 28 U.S.C. § 1332; 28 U.S.C. § 1441(a).

2. It is well established "than whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter, the court shall dismiss the action." Fed. R.Civ.P. 12(h)(3).

3. La.R.S. 40:1299.47(B).

4. 380 F.2d 545 (5th Cir.1967).

5. See *Canova v. C.R.C., Inc. of Louisiana,* 602 F.Supp. 817 (M.D.La.1985).

statement of the law, the distinction does not change the result of the Court's prior decision which denied the motion to remand since plaintiff voluntarily dismissed the Medical Center of Baton Rouge. The record in this case reveals that plaintiff filed a Judgment of Dismissal which dismissed the Medical Center of Baton Rouge from the state court suit without prejudice. Plaintiff contends, however, that the dismissal was effectuated by the threat of sanctions from counsel for the Medical Center thereby tainting the voluntariness of the dismissal.

The Court is not persuaded by plaintiff's characterization of her actions dismissing the Medical Center of Baton Rouge. Counsel for the Medical Center of Baton Rouge did not threaten to move for sanctions against plaintiff if the suit was prematurely pursued against the hospital. Plaintiff was granted the option of dismissing the suit voluntarily or having the suit dismissed on an exception of prematurity with the knowledge of the state court's sanctioning power under La.Code of Civil Procedure Article 863.[6]

Plaintiff's notion of involuntariness attempts to transform courtesy into coercion. It was the law embodied in Article 863 which caused the plaintiff to reconsider her action in pursuing a premature claim. Plaintiff's attorney merely heeded the admonition of a fellow attorney in dismissing plaintiff's premature suit against the Medical Center. In so doing, plaintiff's attorney was not acting under duress. The plaintiff has a duty of obeying the law of the state of Louisiana when pursuing a claim in state court. Plaintiff's attorney was merely fulfilling his ethical and legal obligation under Louisiana law when he dismissed an obviously premature claim against the hospital. Plaintiff's dismissal was a knowing and voluntary act on plaintiff's part.

Finally, plaintiff seeks to have the Court enter an order allowing an appeal of the interlocutory order denying plaintiff's motion to amend and remand. The certification of interlocutory orders for appeal is governed by 28 U.S.C. § 1292(b) which provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such an order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of the litigation, he shall so state in writing in such order.

Plaintiff set forth no valid justification for certifying the Court's previous order for interlocutory appeal. The question of voluntariness is a factual question and this Court has clearly adhered to previous Fifth Circuit case law controlling the issue. Indeed, plaintiff agrees that the *Weems* decision is the seminal case in the country on the voluntary-involuntary distinction. Also, plaintiff's grievances can be adequately addressed if necessary on an appeal of the entire case after the case has been tried. Moreover, plaintiff may still maintain her action against the Medical Center of Baton Rouge in state court without having to engage in duplicitous litigation as was discussed in this Court's initial Ruling on Plaintiff's Motion to Amend and Remand.

THEREFORE, IT IS ORDERED that Plaintiff's Motions for Reconsideration and Order Permitting Interlocutory Appeal should be and each is hereby DENIED.

---

**6.** Louisiana Code of Civil Procedure Art. 863 is the Louisiana state court counterpart to Rule 11 of the Federal Rules of Civil Procedure. The state rule permits the state court to sanction a party upon its own motion. Moreover, if the state court finds a violation of the article, an appropriate sanction shall be imposed.