**Deborah Ann PERRY**

v.

**John P. McNULTY, M.D., et al.**

**Civ. A. No. 91–4581.**

United States District Court, E.D. Louisiana.

Aug. 4, 1992.

---

John Dowling Rawls, New Orleans, La., for plaintiff.

William Kearney Christovich, Terry Christovich Gay, Christovich & Kearney, New Orleans, La., for defendants.

## ORDER AND REASONS

ARCENEAUX, District Judge.

A motion to remand was filed by plaintiff, Deborah Ann Perry, and taken on the papers. Having reviewed the pleadings, memoranda and the relevant papers, the court finds the motion to have merit.

The relevant procedural facts are that: (1) Plaintiff, Deborah Ann Perry, filed in Civil District Court for the Parish of Orleans against certain Louisiana doctors and a professional medical corporation[1] ("Louisiana defendants") on August 9, 1991, at which time she also mailed a complaint to the Louisiana Patient's Compensation Fund.

(2) On November 5, 1991, plaintiff amended her state court petition dismissing one Louisiana doctor and adding certain Ohio doctors and corporations ("Ohio defendants").[2]

(3) On December 10, 1991, the state court dismissed plaintiff's claims against the Louisiana defendants on an exception of prematurity because of the procedural requirement under La.Rev.Stat. 40:1299.-47(B)(1)(a)(i) which proscribes the commencement of an action prior to the presentation of the proposed complaint before a medical review panel.

(4) On December 12, 1991, the Ohio defendants removed this suit to this Court.

Plaintiff argues with respect to removal, under the "voluntary/involuntary" dismissal rule, this case was improperly removed. The court agrees with this contention. Under that standard, "cases, not originally removable, may become so by the voluntary (but not the involuntary) dismissal of those defendants whose presence precluded removal." *Phillips v. Unijax*, 625 F.2d 54, 56 (5th Cir.1980); *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir.1967). Since the Louisiana defendants were dismissed by the state court on an exception of prematurity, they were involuntarily dismissed precluding removal.

Defendants argue that where the non-diverse party is "fraudulently joined", the initial inclusion of the non-diverse defendant in the lawsuit by the plaintiff will not serve to defeat the removal of that case upon dismissal of the non-diverse party. They opine that the Louisiana defendants were fraudulently joined because plaintiff's claims against the Louisiana defendants were procedurally barred at the time she filed suit.[3]

With this argument, defendants invite this court to find two of its brother judges' reasoning erroneous which it will not do.[4] This court finds compelling the court's reasoning in *Doe v. Cutter Biological*, 774 F.Supp. 1001, 1004 (E.D.La.1991). "Procedural prematurity is not a conceptually accurate measure of fraudulent joinder if the claim theory asserted can be said to have plausible substantive merit. Prematurity does not trump viability."

As stated in *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981):

---

**1.** These Louisiana defendants are John P. McNulty, M.D.; Edward Thornhill, M.D.; Doctors McNulty, Bagelman, Thornhill and Associates, a Professional Medical Association; and Charles Clark, M.D. Frederick Keppel, M.D. was initially named; however, he was dismissed when plaintiff amended her suit.

**2.** These Ohioans are the defendants in the instant federal proceeding. They are Richard W. Wily, D.O.; Harold L. Dyer, D.O.; Robert Stockmal, D.O.; Marlene Wager, D.O.; The Ohio University Osteopathic Medical Center, Inc.; and improperly named as SWW Partnership, Drs. Setnar, Nagy and Associates Internists, Inc.

**3.** Although the argument has not been raised, the court queries whether under defendant's fraudulent joinder theory, the removal was untimely. If the Louisiana defendants were fraudulently joined, then the case was removable *ab initio*. Dr. Willy was served on November 6, 1991; defendants removed more than thirty days later on December 17, 1991, which might well render the removal defective as well.

**4.** *See Doe v. Cutter Biological,* 774 F.Supp. 1001 (E.D.La.1991) (Feldman, J.); *McLin v. Surgitex, Inc.,* slip op., C.A. No. 91–4116, 1992 WL 67801 (E.D.La. March 25, 1992) (Wicker, J.).

608

In order to establish that an in-state defendant has been fraudulently joined the removing party must show either that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

*Id.* at 549 (emphasis in original). Obviously, there is a possibility that plaintiff could establish a cause of action against the Louisiana defendants.

As stated in *Cutter*, defendants mistake procedure for substance. *Cutter*, 774 F.Supp. at 1005. While plaintiff may be procedurally barred at this time from proceeding against the non-diverse defendants, she certainly has stated a cause of action that could impose liability on the Louisiana defendants. Thus, Ohio defendants' claim of fraudulent joinder has no merit, and complete diversity is lacking in this case. Accordingly,

Pursuant to 28 U.S.C. § 1447(c), there being no diversity jurisdiction present in this case, it is REMANDED to Civil District Court for the Parish of Orleans.

IT IS SO ORDERED.