624 So.2d 970 (1993)
Gayla BRISTER, et al., Plaintiffs-Appellants,
v.
SOUTHWEST LOUISIANA HOSPITAL ASSOCIATION, etc., Defendants-Appellees.
No. 92-1462.
Court of Appeal of Louisiana, Third Circuit.
October 6, 1993.
*971 David L. Wallace, DeRidder, for Gayla Brister, et al.
Robert W. Clements, Lake Charles, for Southwest Louisiana Hosp. Ass'n.
Before STOKER, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
In this medical malpractice case the trial judge maintained an exception of prematurity and dismissed the suit with prejudice. The plaintiffs appeal. We affirm the ruling on the exception, and the dismissal, but amend the judgment to provide that the dismissal be without prejudice.
The chronology of the proceedings leading to the exception of prematurity is as follows. Gayla Brister and her husband, Winfred, claiming that defendant, Southwest Louisiana Hospital Association, d/b/a Lake Charles Memorial Hospital (the hospital), negligently caused Gayla to suffer complications from a surgery, filed a request for a medical review panel to hear their claims pursuant to La. R.S. 40:1299.41-48, The Medical Malpractice Act. The medical review panel request was made on October 9, 1989. The next day, October 10, 1989, they filed a petition for damages against the hospital in district court. The Bristers chose not to have the petition served until May 20, 1992, some two years and eight months after it was filed. By the time the hospital was served with the suit, several things had happened: the medical review panel had convened and rendered a decision; the plaintiffs had received notification of that decision; and 90 days had passed from the time of notification.
La.R.S. 40:1299.47 B(1)(a)(i) forbids a claimant from commencing an action against a qualified health care provider without first presenting the claim to a medical review panel. Relying on this statute, the hospital in the present case, after receiving service, filed an exception of prematurity. At the hearing of this exception, the trial judge asked for a stipulation in these words: "Can we stipulate for the record that prescription would have run in this matter if this matter had not been filed at all?" When both counsel responded yes, the trial judge took the matter under advisement. The trial court then granted the hospital's exception of prematurity and dismissed the Bristers' claims with prejudice. The trial court's reasons for judgment, after noting that "the plaintiffs failed to file their claim within 90 days after the medical review panel rendered a decision," stated:
Although this Court feels that this result is unfair because the defendants were placed on notice of the lawsuit, the Court must follow the law. Since the plaintiffs failed to refile their claim within the period prescribed by the statute, the Exception of Prematurity is granted.
A suit is premature if it is brought before the right to enforce it has accrued. La.C.C.P. art. 423. Prematurity is determined by the facts existing at the time suit is filed. Sevier v. United States Fidelity & Guar., 497 So.2d 1380 (La.1986). When a medical malpractice plaintiff files suit prior to a review by a medical review panel, the suit is premature. Jarrell v. American Medical Intern., Inc., 552 So.2d 756 (La.App. 1st Cir.1989), writ denied, 556 So.2d 1282 (La. 1990).
At the time the suit was filed in this case it was premature. In the light of the language of Sevier, supra, we regard it as of no significance that at the time the exception was filed, the claim had matured. Accordingly, the exception of prematurity was properly maintained and the suit properly dismissed.
However, it was error to dismiss the suit with prejudice. The dismissal should have been without prejudice. Butler *972 v. Flint-Goodridge Hospital of Dillard University, 346 So.2d 1131 (La.App. 4th Cir. 1977). La.C.C.P. art. 1673 explains the effects of a dismissal with or without prejudice. A dismissal with prejudice constitutes a final judgment that is an absolute dismissal. A dismissal without prejudice is not a bar to another suit being brought on the same cause of action. The official Revision Comment (c) of La.C.C.P. 933 correctly points out that a suit subject to dismissal for premature filing must be dismissed without prejudice and plaintiff's right to bring the action anew must be maintained. Rausch v. Hanberry, 377 So.2d 901 (La.App. 4th Cir.1979).
We are unsure of the significance of the stipulation. There was no plea of prescription before the court. The stipulation itself is clear enough: if suit had never been filed, the claim would be prescribed. However, suit was filed. This leads us to the suspicion that the "with prejudice" dismissal was intended as a judicial declaration that the case was prescribed. This suspicion is bolstered by the trial court's apparent belief that the plaintiffs in this case had only 90 days after the medical review panel rendered its decision to file their claim. If that was what the trial court believed, then the court was disregarding the interruptive effect of the filing of the medical malpractice suit on October 10, 1989, as well as the fact that it was still pending when the exception of prematurity was heard.
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue within the prescriptive period continues as long as the suit is pending. La.C.C. art. 3463; White v. West Carroll Hosp., Inc., 613 So.2d 150 (La. 1992). A dismissal without prejudice in this case means that the period during which the suit was pending does not count toward the accrual of prescription. Prescription will begin to run anew from the date of dismissal of the suit which interrupts prescription. La. C.C. art. 3463, Revision Comment (b); Hernandez v. Lafayette Bone and Joint Clinic, 467 So.2d 113 (La.App. 3rd Cir.1985).
For the above reasons, the judgment of the trial court is amended to a dismissal without prejudice. In all other respects, the judgment of the trial court is affirmed. The appellee will pay the costs of this appeal.
AMENDED AND AFFIRMED.