Andrew ENGLANDE

v.

Glaxo SMITHKLINE, et al

No. CIV.A. 01–3743.

United States District Court,
E.D. Louisiana.

Feb. 8, 2002.

Patrick Joseph Browne, Eugene J. Radcliff, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, LA, for Plaintiff.

Nina M. Gussack, Daniel M. Schaffzin, Pepper Hamilton, LLP, Philadelphia, PA, James B. Irwin, V, Irwin Fritchie Urquhart & Moore, LLC, New Orleans, LA, for Defendants.

### ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is the plaintiff's Motion to Remand or alternatively, Motion to Stay. For the reasons that follow, the motion to remand is GRANTED.

### Background

Andrew Englande claims that he suffered injuries during his participation in a clinical trial of the drug. Lotrafiban. On August 2, 2001, Englande filed a medical malpractice complaint with the Louisiana Patients' Compensation Fund against Dr. Bruce Iteld, Daphne Dureau, RN, and the Louisiana Heart Center, and requested a panel review of his claims. The next day, Englande sued Dr. Iteld, Dureau, Bernstein and Associates, L.L.C. d/b/a Louisiana Heart Center, and the manufacturer of the drug, SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("SB"), in Louisiana state court. The petition alleges that Iteld, Dureau, and Bernstein & Associates are Louisiana citizens and states a malpractice claim against them. SB is a Pennsylvania corporation with its principal place of business in that state. Englande directed that service be withheld on all defendants until late November, 2001. On December 6, 2001, Englande dismissed the health care providers without prejudice, pending the completion of the medical review process, and reserving his right to proceed against SB. On December 14, 2001, SB removed the case to this Court based on diversity jurisdiction. Englande now moves to remand.

### Law and Application

Pursuant to 28 U.S.C. § 1441(a), a party may remove an action pending in state court to a federal court if the action is one over which the federal court possesses subject matter jurisdiction. The removing party bears the burden of showing that federal jurisdiction exists and thus that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993) (per curiam); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988). To determine whether jurisdiction is present for removal, the Court considers the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir.1995). Any ambiguities are construed against removal, as the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000); *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F.Supp. 85, 87 (E.D.La.1989). In this case, the defendant asserts federal jurisdiction on the basis of diversity, which

requires complete diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

 If the initial pleading is not removable because of lack of diversity, but subsequent pleadings create complete diversity, a defendant may, in some circumstances, remove the case to federal court. See 28 U.S.C. 1446(b). Furthermore, under the "voluntary-involuntary" rule, if a resident defendant is dismissed from the case by the voluntary act of the plaintiff, leaving only diverse parties, then the case may be removed. But if a resident defendant is dismissed as a result of either the defendant's or the court's acting against the wishes of the plaintiff, the case cannot be removed. See Weems v. Louis Dreyfus Corp., 380 F.2d 545 (5th Cir.1967); see also Phillips v. Unijax, Inc., 625 F.2d 54 (5th Cir.1980). Furthermore, it is only where the plaintiff, by his voluntary act, "definitely and clearly indicates his intention to abandon or discontinue the action against a non-diverse defendant that the action becomes removable." McLin v. Surgitex, Inc., 1992 WL 67801 (E.D.La.)(Wicker, J.)(citing Aydell v. Sterns, 677 F.Supp. 877 (M.D.La.1988)). Non-diverse parties may remain in federal court, however, if the non-diverse defendants were fraudulently joined. See Doe v. Cutter Biological, 774 F.Supp. 1001 (E.D.La.1991)(Feldman, J.). The removing defendant bears the burden of proving that non-diverse defendants have been fraudulently joined to defeat diversity. Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 259 (5th Cir.1995). A party is considered fraudulently joined when the plaintiff has not or cannot state a claim for relief against that individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. Erdey v. Ameri-

can Honda Co., Inc., 96 F.R.D. 593, 595 (M.D.La.1983)(Parker, J.).

Louisiana law requires that medical malpractice claims must be administratively considered by a medical review panel before one files a lawsuit. La.R.S. 40:1299.47 B(1)(a)(i) mandates that "[n]o action against a health care provider ... may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel...." If a plaintiff sues first, and then submits his claim to a medical review panel, his case may be dismissed as premature, which is a dismissal without prejudice. See Cutter Biological, 774 F.Supp. at 1004.

 In the present case, Englande filed suit before his claims were presented to a medical review panel. See Brister v. Southwest Louisiana Hosp. Ass'n, 624 So.2d 970 (La.App. 3 Cir.1993) (holding that medical malpractice suit was premature where suit was filed one day after request was made for panel review); see also Jarrell v. American Medical Intern., Inc., 552 So.2d 756 (La.App. 1 Cir.1989), writ denied 556 So.2d 1282 (stating that plaintiff was required to convene a medical review panel before filing suit); see also Johnson v. Scimed, Inc., 92 F.Supp.2d 587 (W.D.La.2000) (stating that Louisiana law requires the completion of the medical review process before a plaintiff may sue). Thus, his was a premature filing under Louisiana law.

District courts have applied the voluntary-involuntary rule in a number of cases involving premature Louisiana medical malpractice claims. The plaintiffs in McLin v. Surgitex, Inc., 1992 WL 67801 (E.D.La.)(Wicker, J.), who had sued a resident doctor before going through the medical review process, voluntarily dismissed the doctor while the defendants' exception of prematurity was pending. The court remanded to state court, finding that the

plaintiffs' voluntary dismissal was actually involuntary in nature because as a practical matter, they were procedurally barred from going forward with the claim. The court noted that the plaintiffs' substantive claims against the doctor were still viable, and their voluntary dismissal in these circumstances did not indicate an abandonment of their claims. *Id.* at *1–2. Judicial economy was another factor weighing in favor of remand, as remand would allow the matter to be tried all at once. *Id.* at *2.

In *Kelly v. Danek Medical, Inc.*, 1994 WL 321074 (E.D.La.)(Beer, J.), the plaintiff sued the diverse manufacturer of spinal rods and did not name the non-diverse medical parties as defendants. She did, however, make sufficient allegations in her petition for damages to state a claim against the non-diverse defendants, even though they were not named. *Id.* at *1. The court remanded, noting that cases in this District support either remand or a stay of the proceedings pending the outcome of the medical review process. *Id.* at *1–2; *see also Maquar v. Synthes*, 1992 WL 111199 (E.D.La.1992)(Mentz, J.)(refusing to remand on facts similar to *Kelly*, but staying case pending medical review); *Cooper v. Sofamor*, 1993 WL 17634 (E.D.La.)(Clement, J.)(retaining jurisdiction but granting a stay where non-diverse medical defendants were dismissed as premature).

SB asserts that in each of the cases granting remand, the dismissal of the non-diverse defendants was involuntary because it was the result of a pending exception of prematurity or the granting of such an exception, or a stipulation to waive the medical review proceeding while an exception of prematurity was pending. SB contends Englande's dismissal of the non-diverse defendants was voluntary because there was no exception of prematurity pending. SB relies on *Denton v. Critikon*, 781 F.Supp. 459 (M.D.La.1991)(Polozola, J.) as support that their removal was proper. In *Denton*, the plaintiff sued a non-diverse medical center and a diverse defendant. The plaintiff then voluntarily dismissed the medical center, but claimed that the dismissal was actually involuntary because it was in response to the threat of sanctions by the medical center's counsel. The court disagreed, finding that the dismissal was a voluntary act that plaintiff's counsel made to fulfil his obligation under Louisiana law to dismiss an obviously premature claim.

*Denton* stands in stark contrast to the cases in the Eastern District that interpret the voluntary-involuntary rule. The *Denton* court did not address the issue of whether the plaintiff's voluntary dismissal indicated an abandonment of her claim against the medical center. *See Aydell*, 677 F.Supp. 877 (M.D.La.1988). *Denton* is inconsistent with this Court's understanding of voluntariness as explained in *McLin* and *Kelly*, and it invites piecemeal litigation. When interpreting voluntariness in this context to mean the abandonment of the plaintiff's viable claims against the non-diverse medical defendants and thereby remanding, courts avoid wasting judicial resources. As the court noted in *Johnson v. Scimed, Inc.*, 92 F.Supp.2d 587 (W.D.La.2000) in discussing remand based on fraudulent joinder,

> Once the medical review panel proceedings are completed, the plaintiffs will file a motion to amend this lawsuit to add the non-diverse doctors and hospital so that all of the closely interrelated claims ... can, quite sensibly, be litigated in one proceeding. As noted, a conscientious application of the *Hensgens* factors usually compels the court to permit the joinder of those defendants. That joinder then mandates that the entire case

be remanded to state court. 28 U.S.C. 1447(e) ... This is not mere speculation. This court has seen that precise scenario unfold many times in similar cases. To refuse remand now simply results in the case proceeding needlessly through this court for months, expending the resources of the court and perhaps filling a spot on its trial calendar at the expense of the litigants in another case, when everyone knows that in all likelihood the case will eventually be remanded. These policy reasons do not permit the court to change the rules regarding jurisdiction, but they certainly may influence its choice of two reasonable lines of authority.

*Johnson,* 92 F.Supp.2d at 592.

■ As with the plaintiffs in *Kelly,* Englande was complying with his duties under Louisiana law by voluntarily dismissing the health care providers. Bearing in mind that we are courts of limited jurisdiction, the better rule is that adopted by the majority of the cases in the Eastern District, and not that of *Denton.*[1]

■ SB also contends that the medical defendants in this case were fraudulently joined. SB invokes several unpublished decisions from the Western District that suggest that the failure to complete the medical review process before filing suit eliminates the possibility that a plaintiff could state a viable cause of action against non-diverse medical defendants. If there is no possibility of recovery against them because of the procedural bar, then, these defendants are fraudulently joined. *See, e.g., Boxie v. Gate Pharmaceuticals,* No.98–2142 (W.D.La. Apr. 12, 1999); *see also Carter v. Warner–Lambert,* No. 01–0666 (W.D.La. June 29, 2001); *Gill v. Ethicon, Inc.,* No. 00–2042 (W.D.La. Jan. 22, 2001); *Comb v. American Medical Group,* No. 98–1250 (W.D.La. Sept. 30, 1998). But this reasoning elevates form over substance. The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants. *See B., Inc. v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir.1981); *see also Green v. Amerada Hess Corp.,* 707 F.2d 201 (5th Cir.1983). A number of cases in the Eastern and Middle Districts have remanded cases in the face of similar claims of fraudulent joinder. *See Cutter Biological,* 774 F.Supp. at 1004 ("Procedural prematurity is not a conceptually accurate measure of fraudulent joinder if the claim theory asserted can be said to have plausible substantive merit. Prematurity does not trump viability."); *Perry v. McNulty,* 794 F.Supp. 606 (E.D.La.1992)(Arceneaux, J.)(finding that the procedural bar to proceeding against the non-diverse defendants did not undermine her substantive cause of action, and fraudulent joinder claim had no merit); *Doe v. Armour Pharmaceutical Co.,* 837 F.Supp. 178 (E.D.La.1993) (Mentz, J.) ("[W]hether a dilatory exception of prematurity has been filed or even sustained in state court, plaintiffs have stated a cause of action against the medical defendants sufficient to destroy diversity and thereby preclude removal, despite their having commenced suit prior to a medical review of their claims."); *Duffy v. Pendleton Memorial Methodists Hospital,* 1998 WL 273114 (E.D.La.1998) (Vance, J.) (remanding claim removed by manufacturer of venous access device because non-diverse medical malpractice defendants were named, even though the latter claims may have been premature); *Erdey v. American Honda Co., Inc.,* 96 F.R.D. 593, 595 (M.D.La.1983)(Parker, J.)(reasoning that because the original petition would not have been subject to an exception of no

---

1. There are no reported opinions that follow the reasoning in *Denton.*

cause of action, but only an exception of prematurity, petition stated a viable claim); *Johnson, supra* (following the Eastern District line of cases and noting the interests in judicial economy). These cases are consistent with the federal courts' limited jurisdiction, strict construction of the removal statute, and interests in judicial economy. Therefore, in this case, the medical defendants were not fraudulently joined.

Accordingly, Englande's motion to remand is GRANTED.