532 So.2d 380 (1988)
Darrell COOPER, et al., Plaintiffs-Appellants,
v.
Dr. John C. SAMS, et al., Defendants-Appellees.
No. 87-805.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1988.
Writ Denied December 2, 1988.
Alex W. Wall, Jr., Baton Rouge, for plaintiffs-appellants.
Provosty, Sadler & Delaunay, Ledoux Provosty, Jr., Alexandria, Robert G. Pugh, Jr., Shreveport, Hudson, Potts & Bernstein, Jesse D. McDonald, Monroe, Gist, Methvin, Hughes & Munsterman, Howard B. Gist, Jr., Alexandria, William Guste, Atty. Gen., State Capitol, Baton Rouge, for defendants-appellees.
Before DOUCET, LABORDE and YELVERTON, JJ.
DOUCET, Judge.
Plaintiffs, Darrell Cooper, Sara Cooper, Henry J. Cooper, Gregory Cooper, Gary Cooper, Pamela Cooper, and Cherlita Hall, appeal from a judgment in favor of defendants, St. Francis Cabrini Hospital, nursing personnel and employees of St. Francis Cabrini Hospital, Dr. John C. Sams, Dr. Ulla Jo Ule, and Dr. William Earnest Weldon, on an exception of prematurity. Plaintiffs' original petition alleged medical malpractice against defendants and further alleged that the Medical Malpractice Act requiring malpractice victims to submit their claims *381 to a Medical Review Panel prior to suit was unconstitutional.
Plaintiffs, on appeal, specify two assignments of error, the first being that "The Trial Court erred in failing to apply the new Louisiana standard of review providing equal protection to malpractice victims classified by their `physical condition' in the place of the traditional three-tiered constitutional test for claims after Sibley when only malpractice victims who litigate pursuant to R.S. 40:1299.41 et seq, must submit to a Review Panel of physicians prior to suit and malpractice victims under R.S. 40:1299.39 and/or La.C.C. art. 2315 have direct access to court without denial, partiality or unreasonable delay." We disagree.
The essence of plaintiffs' first assignment of error is that La.R.S. 40:1299.47 unconstitutionally violates their right of equal protection because the statute divides one class of individuals, people with medical malpractice claims, into two classes based on their physical condition. Plaintiffs add that one class's claim is reviewed by a medical review panel and the other is not. While we are aware of the fact that Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d 1094 (La. 1985), stands for the proposition that Article 1 of the Louisiana Constitution provides broader protection to persons discriminated against on the basis of physical condition than does the United States Constitution, no such actual physical condition is presented in the instant situation. As correctly stated by defendants in their appellate brief, "The physical condition of a person with a medical malpractice claim has no bearing whatsoever on whether his or her claim is reviewed by a Medical Review Panel." The trial judge in this matter properly concluded that "This statute applies to all plaintiffs, regardless of their physical condition or amount of damages."
In McClean v. Hunter, 486 So.2d 816 (La.App. 1st Cir.1986), reversed on other grounds 495 So.2d 1298 (La.1986), the court held that the aforementioned statute does not violate the equal protection guarantees of Article 1, Section 3 of the Louisiana Constitution. Moreover, the court in McClean, supra, held that La.R.S. 40:1299.-47 does not violate the guarantees of substantive due process or the constitutional right to confrontation. In rejecting the plaintiffs' equal protection argument, the court in McClean, supra, stated that whether or not an individual is treated by a qualified health care provider is not a classification which is based upon any specific categories enumerated in Article 1, Section 3 such as race, religion, age, sex, etc.... As such, the court held that in order to meet the equal protection requirement, the Medical Malpractice Act must further only an appropriate state interest. In McClean, the Act was found to satisfy this standard of review as the Act has value in weeding out frivolous claims and encouraging settlements, thereby leading to substantial savings in litigation expenses to defendants and their insurers. The court added that these savings should logically translate into reductions in malpractice insurance premiums and corresponding reductions in the cost of medical treatment to patients.
Under McClean, supra, the statute in question need only further an appropriate state interest. For the reasons enunciated in McClean, supra, we find as did the First Circuit, that the statute does further an appropriate state interest. As such, we will not disturb the lower court's finding with respect to this issue on appeal.
In plaintiffs' second and final assignment of error, they contend that "The Trial Court erred in failing to address that malpractice victims under the Louisiana Constitution, shall have equal access to court with an adequate remedy through both procedural and substantive due process of law and justice administered without denial, partiality, or unreasonable delay when appellants presented without opposition that voting members of the panel have actual bias and not possible bias because they interchange roles as peer reviewers and named defendants, and because the Panel opinion is admissible as evidence in a court of law." We disagree.
Plaintiffs base the above contention by offering statistics from the Commissioner *382 of Insurance indicating that 92 percent of Medical Review Panels issue opinions favorable to the health care provider. Moreover, plaintiffs, in an attempt to further support their argument, analogize the Medical Malpractice Act to fictitious legislation which would require any racial victim injured by a member of the Klu Klux Klan to go before a review board of three Klansmen.
Plaintiffs would like this court to believe that doctors on Medical Review Panels always vote in favor of the defendants solely because they are biased. We find no merit in this contention. The statistic offered by plaintiffs simply does not prove any actual bias. There could be a host of reasons for this percentage, i.e., a great number of frivolous claims filed. Additionally, comparing the physician members of the Medical Review Panel to a review board of three Klansmen is absurd. Moreover, the Louisiana Supreme Court has already refused to make this "... blanket indictment against the entire medical profession ..." Vincent v. Romagosa, 425 So.2d 1237, 1239 (La.1983). As such, we find this assignment of error to be without merit.
Accordingly, for the reasons assigned, we affirm the judgment of the lower court. All costs are assessed to plaintiffs/appellants.
AFFIRMED.