532 So.2d 905 (1988)
Bonnie M. BRIDLEY
v.
ALTON OCHSNER MEDICAL FOUNDATION HOSPITAL and ABC Insurance Company.
No. 88-CA-161.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1988.
Joseph P. Williams, Jr., Metairie, for plaintiff/appellant.
Adams and Reese, Henry B. Alsobrook, Jr., Lisa D. Newman, New Orleans, for defendants/appellees.
*906 Before KLIEBERT, WICKER, and GOTHARD, JJ.
GOTHARD, Judge.
This is an appeal from a judgment of the district court granting an exception of prematurity and dismissing plaintiff's suit without prejudice. From that judgment plaintiff appeals.
Plaintiff, Bonnie M. Bridley, filed a medical malpractice action against Alton Ochsner Medical Foundation Hospital and its insurer, ABC Insurance Company, claiming that the hospital staff failed to properly diagnose her condition of toxic shock syndrome until it reached a life threatening stage. In addition, plaintiff raised an issue as to the constitutionality of the Medical Malpractice Act, LSA-R.S. 40:1299.37, et seq., under the equal protection clause of the federal and state constitutions.
The hospital filed an exception of prematurity based on LSA-R.S. 40:1299.47(B)(1)(a)(i) which provides:
"No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this section."
After arguments submitted on briefs, the trial judge sustained the hospital's exception and dismissed plaintiff's suit without prejudice. Plaintiff now appeals from this ruling.
The sole issue presented by plaintiff for our review is whether the burden of proof regarding the equal protection challenge to the above quoted pre-suit medical review provision, rests with plaintiff or defendant. For the following reasons, we hold that it rests with plaintiff.
Plaintiff argues that the pre-trial medical review provision violates the equal protection clause of the state constitution, LSA-Const. Art. 1, sec. 3,[1] in that it unreasonably classifies individuals on the basis of an altered physical condition, citing Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d 1094 (La.1985). In Sibley, the Louisiana Supreme Court recognized for the first time that Article 1, Section 3 of the 1974 Louisiana Constitution raises the threshold of equal protection and rejected the federal three level standard as a guide to deciding such challenges under the state constitution. Id. at 1108. In place of the federal standard, the court announced a different standard of review:
Article 1, Section 3 commands the courts to decline enforcement of a legislative classification of individuals in three different situations: (1) When the law classifies individuals by race or religious beliefs, it shall be repudiated completely, (2) When the statute classifies persons on the basis of birth, age, sex, culture, physical condition, or political ideas or affiliations, its enforcement shall be refused unless the state or other advocate of the classification shows that the classification has a reasonable basis; (3) When the law classifies individuals on any other basis, it shall be rejected whenever a member of the disadvantaged class shows that it does not suitably further any appropriate state interest.
Id. at 1107 (footnotes omitted)
Sibley dealt with the constitutionality of LSA-R.S. 40:1299.39 which barred medical malpractice awards against the state in excess of $500,000. The court first found that this statute created two classes: one, a group of malpractice victims who have suffered damage in excess of $500,000; and a second class of less severely injured victims. Victims in the latter class are allowed full recovery, while victims in the former class cannot recover all of their damages. Because the severity of a victim's physical damage determines the extent *907 of his recovery, the Court determined that this statutory classification "disadvantages or discriminates against one class of individuals by reason of or because of their physical condition." Id. at 1109. Hence, the court remanded the case to determine if this legislative classification substantially furthered a legitimate state purpose.
The provision in question here does not similarly classify persons on the basis of severity of a physical condition. Rather, it affects equally all persons who undergo medical treatment by a qualified health care provider under the Medical Malpractice Act. See McClean v. Hunter, 486 So.2d 816 (La.App. 1 Cir.1986), reversed on grounds not pertinent here, 495 So.2d 1298, writs denied, 513 So.2d 1206, in which the court upheld the constitutionality of the pre-suit medical review provision against an equal protection challenge after a finding that the provision did not classify individuals on the basis of physical condition.
However, plaintiff, in maintaining that the provision classifies according to physical condition, argues that it creates an advantaged class composed of the qualified health care providers, and a disadvantaged class composed of malpractice victims who are injured as a result of the negligence of qualified health care providers. According to plaintiff, the provision provides a preferred method of litigating a malpractice claim not available to the malpractice victim, in that the panel that reviews the dispute is made up of peers of the advantaged class. Because of her conclusions, plaintiff suggests that this court remand the case in order that defendant meet its burden to prove a reasonable basis for the provision.
As previously stated, we do not find that the pre-suit medical review provision creates a classification based on physical condition. It merely provides that malpractice claims against a qualified health care provider are subject to medical panel review prior to filing suit. It does not prevent a plaintiff from utilizing the court system even when the panel finds against him. The provision is a legislative attempt to minimize the number of claims tried, by screening for invalid claims and encouraging valid ones to be settled expeditiously. See generally, Comment, Recent Medical Malpractice LegislationA First Checkup, 50 Tul.L.Rev. 655, 679-682 (1976). The provision does not create a classification that "disadvantages or discriminates against one class of individuals by reason of or because of their physical condition." Hence the classification is outside the scope of Article 1, section 3. Therefore, the provision is presumed constitutional. It should be upheld unless plaintiff shows that it does not further an appropriate state interest.
The Supreme Court in Everett v. Goldmann, 359 So.2d 1256 (La.1978) briefly discussed the state's interests in enacting the pre-suit medical review provision:
"[T]he requirement that malpractice claims be filtered through a medical review panel is not unreasonable and seems to be a rational effort to accomplish a plausible goal. A panel determination adverse to a malpractice claimant's interest does not preclude his filing a lawsuit. Such a determination would seem to exert subtle pressure on the claimant in a case of little worth to abandon or to settle his claim reasonably, thereby saving the defendant and his insurer the time, expense and worry of apparently needless litigation. And a favorable panel decision will probably aid the claimant in exerting pressure on a defendant to settle the case reasonably, thus treating the malpractice victim to savings in time and expense and to avoidance of possibly risky litigation. In those cases which do go to trial, a plaintiff successful before the panel will benefit from the evidentiary support of the panel's finding and the testimony of the panel members.
In requiring a pre-suit medical review panel the act is not unreasonable; it has no far reaching or especially adverse effect upon the malpractice victim's or health care provider's rights. While the savings in overall cost are yet to be proven we cannot say that this legislative effort will not further the accomplishment *908 of what is surely a plausible goal. As did the Florida Supreme Court in Carter v. Sparkman, 335 So.2d 802 (Fla. 1976), we hold that the medical review panel does not exceed constitutional limits."
At p. 1267.
Plaintiff has offered no evidence to show that these considerations, albeit expressed pre Sibley, are not being furthered by the pre-suit medical review provision. It is therefore presumed constitutional under Article 1, section 3 of our state constitution and the equal protection clause of the federal constitution. For these reasons, we conclude the provision at issue reasonably furthers the legitimate state interest of encouraging the availability of affordable health care to its citizens and is not constitutionally infirm. While we could accord plaintiff an opportunity on remand to present evidence and carry her burden to prove that the classification does not suitably further any appropriate state interest, we decline to do so because of the minimal level of scrutiny involved and the apparent state interest furthered by the statute. Nevertheless, the holding in this case that the opponent of the statute failed to prove the absence of a reasonable basis for classification does not preclude other opponents from attempting this proof in future cases in which the constitutionality of LSA-R.S. 40:1299.47(B)(1)(a)(i) is challenged.
Accordingly, for the reasons discussed, the judgment below is affirmed.
AFFIRMED.
KLIEBERT, J., concurring.
I concur in the majority view that the trial court's judgment should be affirmed. However, I do not agree with the majority's reasons for doing so.
NOTES
[1] Article 1, sec. 3 of the 1974 Louisiana Constitution, the Declaration of Right to Individual Dignity, provides:

"No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime."