552 So.2d 756 (1989)
Nena Faye JARRELL, Individually, and as Representative of the Succession of Tilford Montgomery Hancock and as Tutrix of the Minor Child, Lance Montgomery Jarrell
v.
AMERICAN MEDICAL INTERNATIONAL, INC. d/b/a Highland Park Hospital, St. Tammany Parish Hospital; George M. Riser, M.D., William Guste, Attorney General for the State of Louisiana, Sherman A. Bernard, Commissioner of Insurance for the State of Louisiana and Frans Labranche, Clerk of Court for the Louisiana Supreme Court. (Two Cases)
Nos. 88 CA 1603, 88 CA 1863.
Court of Appeal of Louisiana, First Circuit.
November 14, 1989.
Writ Denied January 26, 1990.
*757 Gerald Martinez, Metairie, for plaintiff, appellant.
René J. Pfefferle, Baton Rouge, for defendants, appellees.
Daniel W. Nodurft, New Orleans, for defendant-appellee George Riser, M.D.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
This is an appeal from trial court judgments dismissing as premature claims for damages arising out of alleged medical malpractice.

FACTS
On February 10, 1988, prior to review by a medical review panel, plaintiff, Nena Faye Jarrell, filed suit for damages against numerous defendants including St. Tammany Parish Hospital and George M. Riser, M.D. for medical malpractice. The suit for damages arose out of an incident which occurred on February 16, 1987, when plaintiff's decedent was denied admission to two area hospitals. On February 22, 1987, plaintiff's decedent died of cardiac arrest.
On March 31, 1988, St. Tammany Parish Hospital filed dilatory and peremptory exceptions pleading the objections of prematurity and no cause of action, respectively. Thereafter, on May 13, 1988, judgment was signed sustaining the dilatory exception filed by St. Tammany Parish Hospital and dismissing as premature plaintiff's claims against St. Tammany Parish Hospital. On May 20, 1988, Dr. Riser filed similar exceptions. By judgment, dated July 19, 1988, the trial court sustained Dr. Riser's exception pleading the objection of prematurity and dismissed plaintiff's suit against him.
From these adverse judgments, plaintiff appeals, questioning whether her claim was required to be submitted to a medical review panel prior to the institution of civil proceedings.
On appeal plaintiff contends that the presuit medical review panel requirement of LSA-R.S. 40:1299.47 B (1)(a)(i) is unconstitutional. Plaintiff reasons that LSA-R.S. 40:1299.47 B(1)(a)(i) violates her right to equal protection because the statute divides one class of individuals, medical malpractice claimants, into two classes based on their physical condition. Those individuals treated by qualified health care providers *758 must convene a medical review panel prior to filing suit, and those individuals who were not treated by qualified health care providers are not required to seek pre-suit review by a medical review panel. Plaintiff reasons that this classification violates her right to equal protection.
In Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d 1094 (La.1985), the Louisiana Supreme Court determined that the traditional three-level system of scrutiny developed by the United States Supreme Court for the protection of individual rights under the 14th Amendment was an inappropriate model for equal protection analysis under LSA-Const. Art. 1, Sec. 3, the Declaration of Rights to Individual Dignity. The court noted that:
Article I, Section 3 commands the courts to decline enforcement of a legislative classification of individuals in three different situations: (1) When the law classifies individuals by race or religious beliefs, it shall be repudiated completely; (2) When the statute classifies persons on the basis of birth, age, sex, culture, physical condition, or political ideas or affiliations, its enforcement shall be refused unless the state or other advocate of the classification shows that the classification has a reasonable basis; (3) When the law classifies individuals on any other basis, it shall be rejected whenever a member of a disadvantaged class shows that it does not suitably further any appropriate state interest. (Footnotes omitted). [477 So.2d at 1107-1108].
In the instant case, LSA-R.S. 40:1299.47 B(1)(a)(i) does not create a classification of persons based upon their physical condition or upon any other specific category enumerated in LSA-Const. Art. 1, Sec. 3, such as race, religion, age, or sex. Bridley v. Alton Ochsner Medical Foundation Hospital, 532 So.2d 905 (La.App. 5th Cir.1988); Cooper v. Sams, 532 So.2d 380 (La.App. 3rd Cir.1988), writ denied, 533 So.2d 382 (La.1988); McLean v. Hunter, 486 So.2d 816 (La.App. 1st Cir.1986), reversed on other grounds, 495 So.2d 1298 (La.1986). Hence, the classification is outside the scope of Art. 1, Sec. 3, and the provision is presumed constitutional and should be upheld unless plaintiff shows that it does not further an appropriate state interest. Bridley v. Alton Ochsner Medical Foundation Hospital, supra; Cooper v. Sams, supra; McLean v. Hunter, supra. See Sibley v. Board of Supervisors of Louisiana State University, supra.
The Louisiana Supreme Court in Everett v. Goldman, 359 So.2d 1256 (La.1978), discussed the state's interest in enacting the pre-suit medical review provision as follows:
[T]he requirement that malpractice claims be filtered through a medical review panel is not unreasonable and seems to be a rational effort to accomplish a plausible goal. A panel determination adverse to a malpractice claimant's interest does not preclude his filing a lawsuit. Such a determination would seem to exert subtle pressure on the claimant in a case of little worth to abandon or to settle his claim reasonably, thereby saving the defendant and his insurer the time, expense and worry of apparently needless litigation. And a favorable panel decision will probably aid the claimant in exerting pressure on a defendant to settle the case reasonably, thus treating the malpractice victim to savings in time and expense and to avoidance of possibly risky litigation. In those cases which do go to trial, a plaintiff successful before the panel will benefit from the evidentiary support of the panel's finding and the testimony of the panel members.
In requiring a pre-suit medical review panel the act is not unreasonable; it has no far reaching or especially adverse effect upon the malpractice victim's or health care provider's rights. [359 So.2d at 1267].
Plaintiff has offered no evidence to show that these considerations are not being furthered by the pre-suit medical review panel requirement or that such considerations are not appropriate state interests. Accordingly, we uphold the constitutionality *759 of LSA-R.S. 40:1299.47 B(1)(a)(i), as concerns the pre-suit medical review panel.
Having found that the pre-suit medical review panel requirement is constitutional, we must consider whether the trial court erred in sustaining defendants' dilatory exceptions pleading the objection of prematurity.
Prematurity is a defense which must be raised through the dilatory exception. LSA-C.C.P. art. 926; Sears, Roebuck & Company v. Larose, 460 So.2d 8 (La. App. 1st Cir.1984). The function of the dilatory exception pleading the objection of prematurity is to raise the issue that the judicial cause of action has not come into existence because some prerequisite condition has not been fulfilled. When the issue is raised by the exception pleading prematurity, the defendant pleading the exception has the initial burden of showing that an administrative remedy is available, by reason of which the judicial action is premature. Steeg v. Lawyers Title Insurance Corporation, 329 So.2d 719 (La.1976).
LSA-R.S. 40:1299.47 B(1)(a)(i) requires that plaintiff convene a medical review panel prior to instituting suit. Plaintiff failed to do so. Clearly, plaintiff's suit for medical malpractice, filed prior to review by a medical review panel, is premature, and the trial court did not err in sustaining defendants' exceptions pleading the objection of prematurity.
For these reasons, the trial court judgments sustaining defendants' exceptions pleading the objection of prematurity and dismissing plaintiff's suit are affirmed at plaintiff's cost.
AFFIRMED.