968 So.2d 1214 (2007)
Marvin GARRETT, et al., Plaintiffs-Appellants
v.
CITY OF MINDEN, Defendant-Appellee.
No. 42,664-CA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 2007.
Ronald J. Miciotto, Shreveport, for Appellants.
L. Charles Minifield, for Appellee.
Before STEWART, GASKINS and CARAWAY, JJ.
STEWART, J.
Current and former employees of the City of Minden's police department appeal the trial court's dismissal by summary judgment of their claims for back pay and other pay adjustments stemming from the transfer of two city employees to positions with the fire department. Finding that there is no genuine issue of material fact and that the City is entitled to judgment as a matter of law, we affirm.

FACTS
The plaintiffs, current and former employees of the City of Minden's police and fire departments, filed suit for back pay and other pay adjustments. Their claims stem from the City's transfer of two employees, Brent Hunt and Gary Moreland, to the fire department and the inclusion of longevity pay earned by the two men while employed by the City in calculating their starting salaries as firemen. Neither Hunt nor Moreland was ever employed by the police department. Nevertheless, the police plaintiffs assert that because the City maintained an equal pay scale for employees of the police and fire departments, the starting salaries of Hunt and Moreland as firemen were greater than the starting salaries under the pay scale and thus a violation of Louisiana's civil service law.
After answering the plaintiffs' petitions, the City filed a motion for a partial summary judgment with regard to the claims of the police department plaintiffs, who are as follows: Marvin Garrett, Dedrick Anderson, Keith Banta, Ricky Bridges, Wayne Chandler, Richard Cooper, Tuffy Dubois, Shane Griffith, Shawn Grooms, Julie Harmon, Debbie Haynes, Mike Hughes, Mark Keough, Keith King, Jr., *1216 Tony Matteson, Sam Mims, Kirk Morgan, Tim Morris, Ron Payton, Murphy Robertson, Willie Shed, Spencer Tippen, John Tucker, Scott Tucker, Dan Weaver, Doug Weaver, Charlie Young, Seth Young, George Salsberry, Jr., Freddie Jenkins, and Mildred Johnson. The City asserted that neither Hunt nor Moreland ever worked for the Minden Police Department, that the pay for the fire and police departments are governed by different statutes with different requirements, and that the City's police pay met statutory and city law requirements and was not affected by the transfer of Hunt and Moreland to the fire department.
Asserting that an issue of fact remains as to whether the police and fire departments are subject to identical pay scales and entitled to compensation for pay variances created by the transfer of Hunt and Moreland to the fire department, the police department plaintiffs opposed the City's motion. They argued that including longevity pay in the starting salaries for the two transferees gave them higher starting salaries than that being paid to employees of higher ranks and thus violated the City's equal pay scale and the principle of equal pay for equal duty set forth in La. R.S. 33:1969.
In granting the City's motion for summary judgment and dismissing the police department plaintiffs' claims, the trial court concluded that the plaintiffs pointed to no statutory authority requiring the two departments to be treated equally and did not show that the transfer of Hunt and Moreland to the fire department had an adverse effect on the required minimum pay of police officers. Plaintiffs have appealed the trial court's judgment.

DISCUSSION
The summary judgment procedure is favored and shall be construed so as to accomplish the just, speedy, and inexpensive determination of every action, except those disallowed by law. La. C.C.P. art. 966(A)(2). Summary judgments are subject to de novo review on appeal. Jones v. Estate of Santiago, XXXX-XXXX (La.4/14/04), 870 So.2d 1002. If the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law, then summary judgment shall be granted. La. C.C.P. art. 966(B); Patton v. Strogen, 39,829 (La.App.2d Cir.8/17/05), 908 So.2d 1282, writ denied, 2005-2397 (La.3/17/06), 925 So.2d 548.
No genuine issue of material fact is in dispute. Rather, a question of law is presented by the issue of whether the City's police department employees are entitled to back pay or pay adjustments due to the inclusion of Hunt's and Moreland's previously earned longevity pay in calculating their starting salaries with the fire department.
Although the plaintiffs maintain that the City uses identical pay scales for the fire and police departments, they did not cite any law mandating equal pay between the police and fire departments. Both parties offered certified copies of minutes from a meeting of the Minden City Council on October 3, 1977, at which the council adopted a personnel package that provided for longevity pay for full-time City employees, excluding the fire department. Also submitted by both parties were certified minutes from a Minden City Council meeting on January 4, 1999, at which the council revised the City's Compensation Plan Policy to clarify that the civil service employees of the police and fire departments would continue to be paid in accordance with the Louisiana Revised Statutes. Neither the personnel package from 1977, *1217 nor the compensation plan from 1999, includes provisions mandating parity of pay between the fire and police departments. We note that Moreland and Hunt transferred to the fire department prior to adoption of the 1999 revised Compensation Plan Policy, which prohibits the transfer of longevity pay to other positions.
The legislature has plenary power over the minimum wage to be paid firemen and policemen. La. Const. art. 6, § 14(A)(2)(e); Bryant v. City of Baton Rouge, 615 So.2d 884 (La.App. 1st Cir. 1992), writs denied, 616 So.2d 708 (La. 1993). The minimum monthly salary to be paid firefighters in municipalities having a population of twelve thousand or over is set forth in La. R.S. 33:1992. The basic minimum monthly salary for a fireman is $400, and minimum salaries for the various ranks are designated by specific percentages above the basic fireman pay. Longevity pay for fire department employees is also provided for those with three years of continuous service. La. R.S. 33:1992(B). However, the minimum monthly salaries for employees of police departments in municipalities with populations of not less than twelve thousand people are set forth in La. R.S. 33:2212. The minimum monthly salary of a full-time police department employee is $300, and each superior rank is paid an increasing dollar amount. Neither statute provides for nor requires parity of payment between the two departments.
Moreover, the plaintiffs' reliance on La. R.S. 33:1969 as requiring equal pay between the two departments is misplaced. La. R.S. 33:1969 provides that "[e]qual recognition and compensation shall be received for equal performance of duty and responsibility." However, this mandate is found in Subpart A of Part II of Title 33 and applies only to paid fire departments operated by municipalities with populations of thirteen thousand or more and to "firemen paid by any parish or fire protection district." La. R.S. 33:1961; La Grange v. Fire Protection Dist. No. 4 of St. Tammany Parish, XXXX-XXXX (La.App. 1st Cir.11/7/03), 868 So.2d 40. The parity provision has no application to police department employees.
In a similar case, a claim for parity of compensation among Police Communications Officers ("PCO's"), Emergency Medical Services Communications Officers ("EMSCO's"), and Fire Communications Officers ("FCO's") was brought against the City of Baton Rouge and East Baton Rouge Parish in Bryant, supra. Although the trial court granted the PCO's and EMSCO's claims to be paid equally to the FCO's, the decision was reversed on appeal. The first circuit examined the provisions of La. Const. art. 10 that establish the municipal fire and police civil service system and provisions governing that system to determine if parity of pay between similar positions in the different departments was required. The court noted that La. Const. art. 10, § 10 empowered State and City Civil Service Commissions to adopt uniform pay plans. However, the court found "no similar constitutional, statutory, or jurisprudential parity of pay requirement in the Municipal Fire and Police Civil Service System" and concluded that the trial court erred as a matter of law in concluding that the pay plans for the different departments were deficient and illegal and in ordering that pay for the PCO's and EMSCO's be brought up to the level of that for the FCO's.
The same conclusion as in Bryant, supra, is reached here. There is simply no authority to support the police plaintiffs' claim. They are not entitled to parity of payment with fire department employees under any applicable law. Therefore, the payment of fire department employees has *1218 no effect on the payment system for the police department. The City is entitled to judgment on the claims of the police department plaintiffs as a matter of law. Summary judgment was properly granted.

CONCLUSION
For the reasons stated, the trial court's judgment dismissing the claims of the police department plaintiffs listed herein is affirmed. Costs are assessed to appellants.
AFFIRMED.